## 60829. LAGERSTROM v. BEERS CONSTRUCTION COMPANY.

BIRDSONG, Judge.

Indemnity Agreement—Summary Judgment. The owners of real estate in Cobb County contracted with a general contractor (Beers Construction Co.) to erect a six-story office building. Beers engaged Mayer & Assoc. as its general manager of the construction phase and the firm of Thompson, Ventulett & Stainback, Inc. ("Stainback") as architects on the project. Stainback retained Lagerstrom as their structural engineer or consultant. Part of Lagerstrom's duties included giving structural advice on the proper size of steel piping and the embedding or fixation of that pipe to the roof of the building in the formulation of "out riggers" or overhead supports for scaffolding to be utilized in the washing and upkeep of windows (the building having an all-glass shell). Lagerstrom performed his duties over a three month period in 1973. During the construction of the building while two workers were placing windows and window supports into the exterior wall of the building, one of the steel pipe supports broke loose from its base causing the supported scaffold to collapse on one end, pitching the two workers downward some 70 feet, one to his death, and causing the other serious injury. In the resulting lawsuits brought against the window subcontractor, the general manager Mayer, the general contractor Beers, and the architect Stainback, Lagerstrom was impleaded as a third and fourth party defendant in a complaint filed in state court and another suit filed in federal court. During the successful defense of these two suits, Lagerstrom expended approximately $14,000 in legal fees. These fees were reimbursed to Lagerstrom by his insurer. Apparently based upon the subrogation of that loss, Lagerstrom now brings suit against Beers relying upon an indemnity clause in the general contractor's agreement with the owner basically indemnifying the owner, the architect and subcontractors from all expenses (including attorney fees) arising out of the performance of the work on the building. Holding that the structural consultant was an independent

contractor as to the architect, the trial court granted summary judgment to Beers and denied summary judgment to Lagerstrom. This appeal followed. *Held:*

It is uncontested that the only question before the trial court and this court on appeal is one of law, i.e., the interpretation of the indemnity clause in question. After a careful perusal of the record, we are satisfied that the trial court properly isolated the critical issue as one of agency.

As pertinent to this appeal, the language of the indemnity clause in question reads as follows: "4.18.1. The Contractor shall indemnify and hold harmless the Owner and the Architect and their *agents* and employees from and against all . . . expenses including attorneys' fees arising out of or resulting from the performance of the Work . . . attributable to bodily injury . . . or death . . . and . . . caused . . . by any negligent act or omission of the Contractor, any Subcontractor. . . ." (Emphasis supplied.)

The parties to this appeal are not in dispute that Lagerstrom was in point of law an independent contractor both in relation to Stainback (the architect) and Beers (general contractor). Thus, no argument is offered that Lagerstrom was an employee. Beers argues however that Lagerstrom was neither an employee nor an agent and Lagerstrom argues just as vigorously that even as an independent contractor he was indeed agent to Stainback. In order to resolve this issue the trial court was required, as are we, to examine the evidence, primarily in the deposition offered by Beers taken from Lagerstrom. In answer to a question why it was necessary for Stainback to employ a structural consultant, Lagerstrom replied that he was trained as an engineer and architectural training does not encompass engineering for these are two different disciplines. As an engineer Lagerstrom stated that he was trained to apply principles of physics and engineering to architecture, principles in which an architect would have no formal training. In response to a question as to whether he (Lagerstrom) ever represented the architect in discussions with the owner or the contractor or subcontractors, Lagerstrom stated that he did not have any direct relationship to the contractor. If the contractor had a question concerning his (Lagerstrom's) structural design, drawings and specifications, the usual channel of communication was for the contractor to make inquiry of the architect who would in turn request Lagerstrom to contact the contractor directly. Implied in this is the logical conclusion that the architect could not professionally discuss structural design questions which were peculiarly within the expertise of the structural consultant. As we read the overall content of Lagerstrom's deposed testimony, Lagerstrom acted for the architect only in matters which

were his (Lagerstrom's) own product and peculiarly within Lagerstrom's area of training, and never acted for the architect in those areas which are normally within the architect's area of responsibility. We conclude therefore that even though there is some evidence that Lagerstrom on occasion represented the architect in explaining construction plans and designs, these discussions were restricted to explanations of structural designs in which Lagerstrom acted in his own behalf and not as a representative or agent for Stainback. Lagerstrom stated unequivocally that he never held himself out as an employee or agent for the architect while he was engaged in his portion of the construction of the building.

Under the facts of this case, Lagerstrom could qualify as an "employee" only in the guise of an independent contractor, an employee to the extent that he was "employed" by Stainback to act as structural consultant to Stainback. However, we can find no support for Lagerstrom's contention that he was an "agent" for Stainback. An employee performs work for the master, but the agent, within the ambit of his authority, represents his principal in some business dealing. He is vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third parties into contractual relations with the principal. *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 639 (182 SE2d 153). Lagerstrom in his testimony explicitly rejected any claim of representation of Stainback in any of the phases of construction except insofar as he was required to explain his own drawings. There is no indication that Lagerstrom sought to bind the contractor in any way nor did he allow himself to be bound in any way by the contractor.

Because Lagerstrom is nowhere named in the construction contract executed between Beers and the owners, he must rely upon a third party beneficiary theory in order to obtain benefits under that contract. The only argument offered by Lagerstrom relates to the agency concept as a potential beneficiary. We are satisfied that the trial court correctly concluded from the evidence that Lagerstrom represented himself only and in his deposed testimony offered no evidence that he represented Stainback as an architect. To the contrary Lagerstrom acted to explain structural design, and then only because the architect was not qualified so to do. Inasmuch as the only persons entitled to the indemnity protection were the owner and the architect or subcontractors of the contractor or their employees or agents and Lagerstrom fits none of those categories, the trial court properly excluded Lagerstrom as a beneficiary.

The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be

drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Beers has eliminated all question of fact that Lagerstrom acted as agent or employee. The trial court did not err in granting summary judgment to Beers nor in denying summary judgment to Lagerstrom.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1981.

*Edward L. Savell, Michael Jablonski,* for appellant.
*Malcolm P. Smith,* for appellee.