## 73278. GENERAL WARRANTY CORPORATION INSURANCE AGENTS & ADMINISTRATORS v. CAMERON-HOGAN, INC. et al.

(356 SE2d 83)

McMurray, Presiding Judge.

Plaintiff General Warranty Corporation Insurance Agents and Administrators, a California Corporation (hereinafter "General Warranty") is in the business of marketing and administering vehicle service contract programs (also referred to as extended warranty contracts) which provide for repairs to motor vehicles beyond the warranty period provided by a motor vehicle manufacturer. Defendant Cameron-Hogan, Inc. is a Georgia corporation which undertook the marketing and servicing of plaintiff's vehicle service contracts in Georgia pursuant to a written contract dated October 15, 1982. Individual defendants Randall E. Cameron and Charles M. Hogan are the officers, directors and shareholders of Cameron-Hogan, Inc. (corporate defendant).

Defendant Cameron and defendant Hogan, along with a third individual Roseberry were also members of a partnership known as The Southeastern Agency. The Southeastern Agency was created by the three as the entity through which they would contract with plaintiff to serve as the "Master General Agent" for plaintiff in several southeastern states. The Southeastern Agency and plaintiff negotiated regarding the terms of the proposed "Master General Agent" agreement for a period of approximately 18 months (September 1982 to May 1984) and during this period of time The Southeastern Agency performed services for plaintiff and was compensated by plaintiff. However, there was never a final written contract between plaintiff and The Southeastern Agency.

The individual defendants, along with Roseberry, developed a relationship with a competitor of plaintiff in the course of which they contributed to the design and development of a competitive vehicle service contract. A new company, Southeastern Warranty Corporation, was created to market the competitive service contracts. The individual defendants hold options to purchase stock in Southeastern Warranty Corporation.

In May 1984 defendants began to market the competing product line of Southeastern Warranty Corporation in Georgia. The intention of the defendants was to continue marketing plaintiff's product line while at the same time switching the business of certain "high volume" dealers to the vehicle service contracts of Southeastern Warranty Corporation (there was evidence that the design of the Southeastern contracts was specifically tailored for the high volume dealers).

Plaintiff became aware that defendants were involved in the sale

of a competitor's product and a series of meetings ensued between plaintiff, defendants and Roseberry on June 4-6, 1984. It was at these meetings that defendants first acknowledged to plaintiff their participation in the sale of competing products. These meetings failed to resolve the situation and on June 19, 1984, this action was filed, followed the next day by the formal termination by plaintiff of The Southeastern Agency and of defendant Cameron-Hogan, Inc.

Plaintiff's complaint, as amended, in six counts seeks damages from one or more of the defendants on theories including breach of contract, breach of fiduciary duty and interference with contractual relationships. Plaintiff sought damages including certain previously paid and unpaid commissions and profits of defendant realized as a breach of contractual or fiduciary duties, and expenses of litigation. The defendants' counterclaim seeks damages based on allegations including nonpayment of commissions due and a claim for expenses of litigation.

On the trial of the case, the jury's verdict provided, as to the claims for unpaid commissions under the written contract between plaintiff and Cameron-Hogan, Inc., that plaintiff retain the amount of $18,003.67 and an award to defendant Cameron-Hogan, Inc. for commissions in the amount of $36,007.33. On the claims for commissions under the oral agreement between the plaintiff and The Southeastern Agency, the verdict was for defendant Cameron and defendant Hogan in the amount of $13,464. On plaintiff's claim for profits earned on competing product sales the jury's verdict was for plaintiff and against the corporate defendant in the amount of $6,300. On the claims for attorney fees and expenses of litigation the jury found that each party was to pay their own attorney fees and expenses of litigation. Judgment followed the verdict and plaintiff moved for judgment n.o.v. or in the alternative for new trial. This motion was denied and plaintiff appeals. *Held*:

1. Plaintiff contends the trial court erred in denying its motion for directed verdict and its motion for judgment n.o.v. or in the alternative for a new trial. In support of these contentions the plaintiff argues that the evidence demands a finding that the defendants were agents of plaintiff, breached their fiduciary duties to plaintiff and plaintiff is entitled to damages for that breach.

The issue presented by plaintiff's motions is whether there is any evidence supporting the verdict. *Georgia Farm &c. Ins. Co. v. Matthews*, 149 Ga. App. 350, 351 (1) (254 SE2d 413); *Williams v. Stankowitz*, 149 Ga. App. 865 (256 SE2d 147). See also *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (256 SE2d 916); *Mercer v. Woodard*, 166 Ga. App. 119, 126 (10) (303 SE2d 475).

As to each of the defendants, there is some evidence showing that there was no principal-agent relationship with plaintiff. In regard to

defendant Cameron-Hogan, Inc. one need only look to the terms of the written contract under which this defendant represented plaintiff. This "Administrative Representative Agreement" clearly provided that the corporate defendant represented plaintiff on a non-exclusive basis as an independent contractor, free to exercise its own judgment as to the time and manner in which its duties under the contract are to be performed and lacking any authority to contractually bind plaintiff. Additionally, there was testimony that the corporate defendant did in fact function as an independent contractor as provided in the written contract.

As to the individual defendants, plaintiff's evidence as to the existence of a principal-agent relationship is contradicted by testimony that there had been no agreement as to the terms of the proposed Master General Agent agreement, and that, while The Southeastern Agency undertook certain marketing responsibilities for plaintiff. The Southeastern Agency had no power to bind coverage, receive money, adjust a claim, contract a general agent, or extend credit for plaintiff. In this connection, we note that a denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties. *Commercial Union Ins. Co. v. Taylor*, 169 Ga. App. 177, 180 (312 SE2d 177). An essential characteristic of an agent is his ability to bind his principal. *Lagerstrom v. Beers Constr. Co.*, 157 Ga. App. 396, 398 (277 SE2d 765). As there is some evidence regarding the absence of a principal-agent relationship between plaintiff and each of the defendants, the verdict was authorized by the evidence and the trial court did not err in denying plaintiff's motions.

2. Additionally, we note that, insofar as the plaintiff contends the denial of his motion for new trial was error because "the verdict as returned by the jury is not supported by the evidence in the form in which it was returned," such issue was expressly waived by plaintiff at trial. There is nothing preserved for review in regard to the form of the verdict.

3. Plaintiff contends that the trial court erred in refusing to allow plaintiff's claim that it was entitled to recover the sum of $152,000 from defendant Cameron-Hogan, Inc., as previously paid, but unearned commissions. While plaintiff suggests that the trial court either granted a motion for directed verdict or on its own motion declined to allow this claim to go to the jury, we are unable to find such a ruling in the record. Plaintiff acknowledges that the transcript is unclear on this point and makes references only to a colloquy between court and counsel which reflects that this claim had previously ceased to be an issue in the case. Although under Rule 15 (c) (3) of the Rules of the Court of Appeals of the State of Georgia the duty rests with plaintiff to support its enumeration with specific reference to the record, we have attempted to find in the transcript some ruling by the

trial court or even a motion by the parties in regard to this issue. Having failed to find anything of this nature in the lengthy transcript we hold that this enumeration being unsupported by the record may not be considered. *Desai v. Safeco Ins. Co.*, 173 Ga. App. 815, 817 (328 SE2d 376); *Continental Ins. Co. v. Carter*, 171 Ga. App. 162, 163 (318 SE2d 770).

4. Plaintiff contends the trial court erred in granting defendants' motion for directed verdict as to plaintiff's claim for $17,932.17 for expenses incurred by plaintiff as a result of defendants' breach of their fiduciary duties to plaintiff. The sum in question was expended during the period June 4, 1984, to August 23, 1984, by plaintiff's sales department for its activities in Georgia. While some portion of the claimed sum may have been properly recoverable under OCGA § 13-6-1 such portion is not determinable from the lump sum evidence presented. The lump sum included amounts which were duplicitous of plaintiff's recovery of profits earned on competing product sales and other portions were merely cost of continuing the sales of plaintiff's products in this state following the termination of defendants. "An injured party can not be placed in a better position than he would have been in if the contract had not been breached." *Lastinger v. City of Adel*, 69 Ga. App. 535, 536 (26 SE2d 158). A jury must be able to calculate the amount of damages from the data furnished and it cannot be placed in a position where an allowance of loss is based on guesswork. See *Roland v. Byrd*, 163 Ga. App. 408, 410 (294 SE2d 626). As the plaintiff's evidence fails to provide sufficient data to permit a reasonable determination of allowable damages the trial court did not err in directing a verdict on this issue.

5. Plaintiff's eighth and tenth enumerations contend that instructions given the jury are erroneous. Plaintiff's arguments in each instance are predicated on the supposition that a principal-agent relationship existed between it and defendant Cameron-Hogan, Inc. independent of the alleged Master General Agency agreement between plaintiff and The Southeastern Agency. However, as plaintiff's contract with the corporate defendant clearly provided for an independent contractor relationship and as there was no evidence supporting plaintiff's factual supposition, the charges at issue were properly adjusted to the evidence. *Gurin v. Gen. Motors Corp.*, 171 Ga. App. 159, 160 (1) (318 SE2d 830); *Gaul v. Kennedy*, 246 Ga. 290, 291 (2) (271 SE2d 196).

6. Plaintiff contends the trial court erred in charging the jury as follows: "I charge you that the Defendants were not agents of [plaintiff] General Warranty unless they were authorized and given discretion to bind [plaintiff] General Warranty to contracts with other parties. This is an essential characteristic of an agency." Plaintiff argues that an agency is broader than stated in the contested charge and

that as plaintiff's counsel stated at trial, "you don't have to be able to bind if you're able to put your principal in contact with third parties out of which binding contracts arise." We find no support for plaintiff's argument. *Lagerstrom v. Beers Constr. Co.*, 157 Ga. App. 396, 398, supra, the only Georgia case cited by plaintiff in regard to this enumeration states the rule contained in the contested charge (albeit in other words). This enumeration is without merit.

7. Plaintiff enumerates as error the charge to the jury which follows: "I charge you that before you may find the defendants owe any damages to the plaintiff you must find that [plaintiff] General Warranty performed its obligations to the defendants, that the sale of another product was a breach of defendants' contract with [plaintiff] General Warranty and that [plaintiff] General Warranty's damages, if any, were caused by the breach." Plaintiff's objection to this charge at trial was "that it implies that the sale of another warranty product must be a breach of a written contract. Although it does not specifically say that I think the implication of it is there." We do not believe that a juror of ordinary capacity and understanding would find the implication suggested by plaintiff's counsel. Nor would such an implication arise when considering the contested language together with the instructions given the jury on principles of contract law. "We will not impute such an inability to the jury to follow the plain and unambiguous instructions of the judge. . . . A charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Green v. Trevena*, 142 Ga. App. 621, 622 (1) (236 SE2d 775). This enumeration of error is without merit.

8. Plaintiff enumerates as error the following instruction to the jury: "I charge you that a party is excused from [the] failure to perform under its contract where the failure is caused by the act or fault of the other party. Thus, if you find that the defendants or any one of the defendants did not perform their contractual obligations, you must also find that this failure was not caused by the acts or fault of [plaintiff] General Warranty before you may find the defendants liable for a failure to perform." Plaintiff's objection at trial to this charge was "that it was a duplicative charge, given more than once." The substance of this instruction was contained in two other segments of the charge (albeit in a somewhat different context in each instance). However, after our review of the charge we find no overemphasis of this issue. See *Neloms v. Carmichael*, 125 Ga. App. 331 (3) (187 SE2d 555); *Richards v. Harpe*, 42 Ga. App. 123, 126 (13) (155 SE85).

9. Plaintiff enumerates as error the failure of the trial court to include in its charge to the jury a requested charge (that an independent contractor may also be an agent) submitted by plaintiff at the close of the evidence. As there is no suggestion that the requested

charge covers an unanticipated point which arose after the commencement of trial, the submission of the request to charge was not timely and the trial court did not err in refusing to give the requested charge. See Rule 10.3, Uniform Superior Court Rules (which provides for submission at the commencement of trial); OCGA § 5-5-24 (b); *Hubacher v. Volkswagen Central*, 164 Ga. App. 791, 796 (5) (298 SE2d 533).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 1, 1987.

*Paul R. Jordan*, for appellant.
*Peyton S. Hawes, Jr.*, for appellees.