## 28464. WILEY v. WILEY.

MOBLEY, Chief Justice. This appeal is from the denial of a motion for new trial in a divorce case.

Ophelia Ennis Wiley in her complaint against Lester Clifton Wiley sought a divorce on the ground of cruel treatment. By cross complaint he sought a divorce on the same ground. The jury returned a verdict granting a divorce to the wife, and awarding her alimony.

1. In enumerated error four it is asserted that the court erred in refusing to charge the jury on impeachment, as requested by counsel for the husband. It is asserted that the wife gave testimony at the trial which was contradictory of statements made by her in a deposition taken prior to the trial.

No timely written request to charge on impeachment was made. At the conclusion of the charge, counsel for the husband objected because of the failure to charge on impeachment of a witness. The trial judge was of the opinion that the wife had made an explanation of the discrepancy between her testimony and her deposition, and considered it sufficient to charge the jury on the credibility of witnesses.

This court has repeatedly held that a charge on impeachment is not required in the absence of a timely written request to charge. *Bonaparte v. State,* 223 Ga. 648 (1) (157 SE2d 272); *Ward v. State,* 223 Ga. 864 (159 SE2d 84); *Tanner v. State,* 228 Ga. 829 (8) (188 SE2d 512). This enumerated error is without merit.

2. Enumerated error five contends that the court erred in allowing in evidence the testimony of the wife's daughter as to improper conduct of the husband with this witness, of which the wife was not aware until after her separation from her husband. This witness testified that she related the incident to her mother while her mother was living in the same home with her husband, but after she had separated from him. The appellant argues that

knowledge of this incident would not be cruel treatment which could be made the basis of a divorce action, since such knowledge was obtained after the parties had separated.

"Where the parties to a marriage contract have lived together as husband and wife, the fact that they now live in a state of separation does not make it impossible for either to commit an act which the law will classify as cruel treatment which may be the basis for a divorce." *Slaughter v. Slaughter,* 190 Ga. 229 (2) (9 SE2d 70, 129 ALR 156); *Cohen v. Cohen,* 194 Ga. 573 (2) (22 SE2d 132).

The fact that the wife did not learn of the incident of which her daughter testified until after she was living in a state of separation from her husband would not make it inadmissible as evidence of cruel treatment.

3. Enumerated error six complains that "it was not shown that the conduct of the defendant which was complained of by the plaintiff was contemplated by the defendant to cause her mental cruelty nor was it shown that the said conduct was wilful in nature."

The wife's evidence presented a ten-year history of domestic turmoil in which she was beaten, cursed, scalded, whipped with a belt, denied consortium, humiliated, belittled, criticized, and neglected, both emotionally and financially, by the husband.

The evidence showed such cruel treatment as would authorize a divorce to the wife. *Myrick v. Myrick,* 67 Ga. 771; *Jackson v. Jackson,* 214 Ga. 619 (106 SE2d 783); *Morehead v. Morehead,* 227 Ga. 428 (1) (181 SE2d 59).

4. There is no merit in the first 3 enumerated errors, which complain of the insufficiency of the evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1974 — DECIDED MARCH 7, 1974.

*Crowe & Hampton, James G. Hampton,* for appellant.
*Donald O. Nelson, Gray & Nelson,* for appellee.