### 69248. LOZIER v. LEONARD.
(327 SE2d 815)

BEASLEY, Judge.

Defendant, Kathryn Lozier, appeals from a jury verdict and judgment for the plaintiff, Dr. James Leonard. This was an action on account.

Defendant Lozier was of the opinion that her "ears were abnormal in that they did not lay against her head." She spoke to a friend who had the same problem and Dr. Leonard had performed an operation on her ears to make them align more closely to her head. Her friend told her that her insurance paid for the operation. Lozier spoke to Dr. Leonard about having him perform the operation. She testified that Dr. Leonard told her the insurance company would be "no problem." She was asked what he meant by that. "A. That it was a very practiced [sic] thing to do; that it happened all the time — that he did it all the time — by using insurance claims. Now, did you question that with him? A. Yes. Q. And what did he say? A. He said if I

needed to be completely sure, to call them right there. Q. To call who? A. The insurance company. Q. Did you do that? A. Yes. Q. In his office. A. Right." Lozier called her insurance company and gave them the name of the operation. They told her: "yes, we cover it." She reported this to Dr. Leonard. She signed a document for Dr. Leonard which stated: "I understand I'm financially responsible for all charges whether or not they are covered by insurance." After the operation the insurance company paid the hospital and then asked the hospital to refund the amount paid. They refused payment to Dr. Leonard on the ground that it was "cosmetic surgery." Lozier paid Dr. Leonard $240 (apparently the deductible) and he brought this action for the remainder due under the contract signed by her. The trial court entered judgment on the jury verdict for plaintiff and defendant Lozier brings this appeal. *Held*:

1. Defendant's enumeration on the general grounds are without merit. The jury was authorized to find from the evidence that Lozier did not believe her operation would be covered by her insurance, but since her friend had the same operation and her insurance paid for it she asked the doctor that performed her friend's operation for his opinion. Lozier's testimony on this point is equivocal. At one time she testified "I didn't think it would be, but I wanted to find out . . . And he [Dr. Leonard] said it would be, and I still didn't accept it, even when he told me it would be — That's why I called" the insurance company. At another point she testified that Dr. Leonard had told her it would be "no problem" about insurance coverage. She also stated that when she called the insurance company and asked them about the coverage, they said it was "no problem." Earlier she had testified that the insurance company's response was: "Yes, we cover it." It is revealing that Lozier admitted that Dr. Leonard stated after the problem arose that "they'd probably pay it if it was — that if it was — resulted from a hearing problem," and at an earlier time had advised her "if I needed to be completely sure, to call them [the insurance company] right there." Accordingly, the jury was authorized to find that Lozier did not justifiably believe the operation was covered and that she was initially told over the phone by her insurance company that it was covered. She relied upon the representation by her insurance company which at that point did not know all the facts. In deciding to go ahead with the procedure, she did not rely on the representation by her doctor, but rather followed his suggestion that if she was not sure she was covered she should contact her insurance company. Thus, she knowingly signed a contract which stated that she was responsible for all charges not covered by her insurance. This written contract cannot be varied by contemporaneous oral evidence which would vary the terms. OCGA § 24-6-1; *Simmons v. Wooten*, 241 Ga. 518 (2) (246 SE2d 639) (1978).

2. The defendant argues that it was error for the trial court to fail to charge on mutual mistake of fact. We do not agree. Pretermitting whether the evidence would support such a charge, the record does not show that a written request was made and no objections were made to the failure to charge until after the jury had retired. This court has held that a party cannot complain of the court's failure to charge the jury where no written requests were received prior to argument. *Ledbetter Bros. v. Holmes*, 122 Ga. App. 514 (2) (177 SE2d 824) (1970); accord *Slaughter v. Linder*, 122 Ga. App. 144 (2) (176 SE2d 450) (1970); *Steed v. Steel Prods. Mfg. Co.*, 152 Ga. App. 350 (6) (262 SE2d 616) (1979); *Wiley v. Wiley*, 231 Ga. 798 (1) (204 SE2d 170) (1974).

3. The trial court did not err in refusing to permit counsel to perfect the record by stating the answer he intended to solicit from the witness. The hearsay testimony was offered for the purpose of "explain[ing] motive and conduct" of the defendant. The motive and conduct of the defendant were not in issue nor were they relevant to any issue before the court. *State v. Momon*, 249 Ga. 865 (294 SE2d 482) (1982). Thus it did not matter what the answer would have been.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 7, 1985.

*William F. Lozier*, for appellant.
*Robert B. Morrow, Richard C. Foxworth*, for appellee.