70883. WILKES et al. v. DEPARTMENT OF
TRANSPORTATION.
(337 SE2d 404)

SOGNIER, Judge.

Raymond and Pearl Wilkes appeal from the jury verdict award-

ing them $7,813.97 for property in Bibb County condemned by the Department of Transportation.

1. Appellants contend the trial court erred by denying their motion for a mistrial made on the basis of closing remarks by appellee's counsel to the jury that they had to "think about all the interests at play here" and that they had to "consider not only the property owner, but the public that needs the project, the public that pays for the property." When appellee's counsel initially made statements intimating the effect of the verdict, appellants' counsel interrupted with his objection and the trial court promptly admonished appellee's counsel not to so proceed. The complained of statements were made by appellee's counsel at the conclusion of his remarks. Appellants' counsel obtained the court's permission to reserve his objections until after the court's charge to the jury. Afterwards, appellants' counsel requested that the trial court either recharge the jury or else grant their motion for mistrial. The trial court thereupon recharged the jury, "[i]n reaching your decision in this case, you are not to be concerned with the effect of your verdict, either upon [appellants] on the one hand, the State of Georgia or [appellee] on the other." The trial court denied appellants' motion for a mistrial made after the recharge.

Appellants argue that the trial court's recharge failed to offset the prejudicial effect of appellee's counsel's remarks on the jury and thus their motion for a mistrial should have been granted. " 'The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.] Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with.' [Cit.]" *Firestone Tire Co. v. King*, 145 Ga. App. 840, 843 (2) (244 SE2d 905) (1978). We find the trial court took the requested corrective action by recharging the jury on the issue and do not agree with appellants that the recharge was inadequate because the trial court did not specify the verdict's effect on the jurors themselves. Contrary to appellants' contentions, appellee's counsel's remarks did not intimate that the jurors, as members of the taxpaying public, would bear the financial cost of the taking. Rather, the improper remarks indicated that the public's interests are the same as appellee's interests, as shown by earlier remarks that "the DOT is not just [s]ome agency, it's the public — it's the public — it's the people who through their representatives in the City of Macon decided that Pio Nono Avenue needed to be widened . . . ." Thus, by recharging the jury not to consider the effect of the verdict on appellee the trial court specifically removed the improper impression left on the jury by appellee's counsel's remarks. In the absence of any manifest abuse of the trial court's discretion, we find no

error in the denial of appellants' motion for a mistrial. See *McCluskey v. American Oil Co.*, 225 Ga. 63 (165 SE2d 830) (1969).

2. For the reasons set forth in Division 1, it is not necessary to address appellants' second and third enumerations of error.

3. Appellants enumerate various errors as to the instructions to the jury.

(a) We find no merit in appellants' contention that the trial court erred by charging that "[appellee] has the right to take private property for a public purpose, provided that it pays just and adequate compensation for the property taken. The only issue, therefore, in this case is what constitutes just and adequate compensation for the property taken. By 'property' I mean all of the property rights of any kind." Appellants now assert this charge failed to include reference to consequential damages. The charge complained of was virtually identical to appellants' own proffered charge on the issue and, thus, appellants will not be heard to complain now. See *Morrison v. Dept. of Transp.*, 166 Ga. App. 144, 149 (5) (303 SE2d 501) (1983).

(b) Appellants contend the trial court erred by failing to instruct the jury on the proper measure of consequential damages. During the charge conference between the trial judge and counsel for both parties, appellants' counsel acquiesced to the trial judge's announcement that he was going to give the "standard charge" on consequential damages to the jury. At trial, the judge charged the jury: "Now, there are two kinds of damages to be considered in this condemnation: The first pertains to the property actually taken or used, and that is called direct damages. The other pertains to the property the owner has left and is called consequential damages. . . . As to the property taken or used, the amount of compensation shall never be less than the actual value, and the amount of consequential damages, if any, is damages to the property the defendant has left after part of his property is taken or used." Appellants acknowledge that this charge comes almost verbatim from the Suggested Pattern Jury Instructions, Vol. 1: Civil Cases (2nd ed.), IX-5, used by the trial judge in other parts of his instructions. After the charge, appellants' counsel made objection to that part of the charge discussed in Division 3 (a), stating "I understand the Court later explained consequential damages; I'm not sure it was sufficient to cure the prejudice created by the opening remarks of the Court." Appellants now argue that under our holding in *Gardner v. Dept. of Transp.*, 165 Ga. App. 300, 302 (3) (299 SE2d 741) (1983), the trial court's charge constituted reversible error requiring the grant of new trial. We do not agree.

Our holding in *Gardner*, supra, must be read in context with OCGA § 5-5-24 (c) which provides that "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law,

regardless of whether objection was made hereunder or not." In *Gardner*, supra, no instruction on how the amount of consequential damages was to be determined was given, although such a charge was requested. We reiterate that "[t]he proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking. [Cits.]" *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466) (1981). In the case sub judice, despite the inadequacies of the charge given, we cannot say, as in *Gardner*, supra, that there was a complete absence of any instruction to the jury. Further, the record reveals that appellants concurred with the giving of the "standard" charge and found no reason to object to the adequacy of that charge. "Counsel is not permitted to gamble on obtaining a favorable verdict by refusing to object to a possibly erroneous instruction or omission, with the expectation that he can assert the error as grounds for a new trial should the verdict be unfavorable. [Cits.]" *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867) (1984). Because we find that the instruction on consequential damages given by the trial court did not constitute an error of such magnitude as to require reversal of the judgment below, the trial court's denial of appellants' motion for new trial is affirmed.

(c) Appellants' final enumeration contends error in the trial court's failure to charge their request to charge no. 14 that "evidence of the cost to restore the building to its condition on the date of the taking [may be considered] as a measure of just and adequate compensation." The evidence at trial shows that while a strip of land in front of appellants' buildings was condemned situating the buildings closer to the road, no physical damage was inflicted on the buildings and, thus, no restoration costs were involved. "In order for a refusal to charge to be error, the written requests therefor must be entirely correct and accurate, and must be adjusted to the pleadings, the law, and the evidence in the case. [Cit.]" *Gibbs v. First Fed. &c. Assn.*, 161 Ga. App. 27 (1) (289 SE2d 1) (1982). Assuming without deciding that appellants' charge was a correct and accurate statement of the law, it was not adjusted to the pleadings and evidence in the case and, therefore, the trial court's refusal to give the charge was not error. Id. Further, no request to charge was made by appellants on the cost to avoid the effect of the taking and, therefore, the trial court did not err by not so charging. *Lozier v. Leonard*, 173 Ga. App. 697, 699 (2) (327 SE2d 815) (1985).

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 28, 1985 —
REHEARING DENIED NOVEMBER 6, 1985 —

*Charles M. Cork III*, for appellants.
*Thomas F. Richardson, William C. Harris*, for appellee.