72003. POLKE v. THE STATE.
72004. HUNT v. THE STATE.
(343 SE2d 167)

BIRDSONG, Presiding Judge.

Defendants Larry Polke and John Hunt were jointly indicted for the offenses of kidnapping, rape, aggravated sodomy, and armed robbery. Hunt was convicted of rape, and Polke was convicted of kidnapping, rape, aggravated sodomy, and armed robbery.

On the evening of July 27, 1984, the victim testified that she had gone to the Candlelight Club in Lyons, Georgia, to look for her husband. She did not find him and stayed until the following morning, around 3:30 to 4:00 a.m., and went to the parking lot in the rear of the club to find a ride back to her home in Vidalia. She was approached by Larry Polke who put a knife to her back and then to her neck and was taken to an empty house about two blocks from the Candlelight Club. Polke was wearing a "Burt Reynolds" t-shirt. She said Polke threatened to kill her, and "all I could think of is just I didn't want to die." Polke had sexual intercourse with her and then made her commit an act of oral sodomy upon him. He took $8 from her purse and her wedding rings.

Thereafter, he took her to a nearby house where John Hunt lived, and Hunt had intercourse with her. Polke gave Hunt his knife and he placed it on a table. Polke then asked Hunt's brother if he would like to have sex with the victim. The victim said she asked Hunt's brother to help her, that she did not want to get hurt. Both the victim and Hunt's brother agreed that he got on top of her but did not complete the sexual act.

She was finally released and stopped a passing motorist who took her to the sheriff's office. She took the police to the first house where she said she had been raped and then to Hunt's apartment. The police placed a lookout order for a black man with a "Burt Reynolds" t-shirt. Deputy Sheriff Jones found Polke sitting under a tree, wearing a "Burt Reynolds" t-shirt. The victim identified him as the rapist. Polke was booked and searched and when his shoes were taken off, a knife fell out. The officer showed the victim three knives. She said the first two knives were not the one used by Polke. Upon being shown the third knife, the one found on Polke, she said: "That's the knife. That's the one he had." A few days after Polke had been confined, a confidential informant advised the police that Polke had concealed the victim's rings in a Little Debbie cake in his cell. The officers confiscated four Little Debbie cakes from Polke's cell and a search re-

vealed the victim's wedding rings.

An investigator advised Polke of his *Miranda* rights and he denied that he had been with any woman that night and also denied being in Hunt's apartment. A few days thereafter, Polke sent for the investigator and made a second statement. He said he had been with the victim on July 28 and had given her $5 for sex. They had gone to Hunt's apartment where the victim had sex with Hunt but refused to have sex with Polke. He grabbed his $5 bill back. ". . . [H]e must have pulled [her rings] off her hand when he grabbed for his money."

At trial, Polke testified that he had sex previously with the victim, and on July 28, she came to a club where he was and told him she had been beaten up at the Candlelight Club. He gave her $5 to have sex with her and they went to Hunt's apartment. After the victim had sex with Hunt and his brother, he attempted to have sex with her but "didn't get no enjoyment out of it" and "snatched" the $5 bill out of her hand. ". . . [T]he rings might have fell [sic] . . . cause I had snatched my $5.00 back." After he had been in jail for approximately two weeks he found the rings wrapped up in the $5 bill and hid them in the Little Debbie cake. He was asked if he carried a knife, and responded: "I always carried a knife after I had kilt [sic] this guy here a while back . . . cause I couldn't carry nair [sic] nother [sic] gun." Both defendants appeal their conviction. *Held*:

### Appeal No. 72003

1. The evidence presented during trial is sufficient to enable any rational trier of fact to find the existence of the offenses charged against Polke beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant Polke objects to the admission in evidence of the "rape kit" allegedly used by a doctor at Meadows Memorial Hospital during his examination of the victim. He contends the chain of evidence is incomplete and it was error to permit its introduction. The prosecution proved that Officer Bowen took the victim to the hospital for the "rape kit" examination. The victim said she was given the examination and swabs were used to obtain vaginal samples and the doctor placed them in a test tube. Her testimony as to where they were to be sent was stricken. Agent Moses testified that he picked up the rape kit from Meadows Memorial Hospital on that date. The file was marked "evidence" and had the name of the victim on it. He entered the name of the hospital, the date and the hour and his name on the kit and took it to the Savannah Crime Lab where Roger Parian personally signed for it. Parian is a microanalyst at the lab and examined the rape kit given to him by Agent Moses. The slides were positive for spermatozoa and negative for hair combings of the sus-

pect when compared with hair combings taken from the victim. Hence, the net effect of the evidence taken by the "rape kit" was that intercourse occurred. This was admitted by Polke in his testimony. Hence, even if the chain of evidence was imperfect, any possible error was harmless as there was other legally admissible evidence in the record, from the testimony of defendant Polke, that intercourse between himself and the victim had taken place, following intercourse between the victim and the Hunt brothers. *Whitten v. State*, 174 Ga. App. 867, 870 (331 SE2d 912); *Payne v. State*, 152 Ga. App. 471, 473 (263 SE2d 251). This enumeration is without merit.

3. The defendant enumerates as error a trial court ruling permitting Agent Moses to remain in the courtroom after the rule of sequestration was invoked. The record reveals that the prosecutor requested the court to permit Agent Moses to remain in the courtroom to assist him. The court inquired of counsel for both defendants if they had any objection. Both counsel stated they had no objection. The trial court is vested with a wide discretion in granting exceptions to the rule of sequestration and unless that discretion has been abused, an appellate court will not reverse. *Davis v. State*, 242 Ga. 901 (3) (252 SE2d 443). In *Hardy v. State*, 245 Ga. 673 (266 SE2d 489), our Supreme Court found no abuse of discretion in allowing an investigating officer to remain in the courtroom to assist the prosecutor, and then testify after other state witnesses, in the orderly presentation of the state's evidence. Likewise, we find no abuse of discretion, particularly in view of defendant's counsel's failure to object when asked to do so.

4. In the instant case, the state waived opening argument. Counsel for each defendant gave their argument to the jury, and the jury was given a rest period. During the time the jury was out, the court decided to charge on several lesser included offenses and offered counsel for both defendants the opportunity to reargue. Polke's counsel declined, stating: "I would need some time to prepare any statement that I would make to the jury, so I'm gonna have to forego on that, but I am going to take exception to the reading of the charges." On appeal, counsel complains that "such decision to charge same after defense counsel had made closing argument" was error.

This court has stated that "the trial court should be free up to the time of charging the jury to correct errors in the proposed charge" (*Snipes v. Leaseway of Ga.*, 150 Ga. App. 135, 137 (257 SE2d 40)), and the remedy for a defendant whose counsel has already made argument is to reargue. *Fair v. State*, 172 Ga. App. 49, 50 (321 SE2d 790); *Thomas v. State*, 168 Ga. App. 587, 589 (309 SE2d 881); *Blackmon v. State*, 158 Ga. App. 665, 667 (281 SE2d 634). Defendant's counsel expressly refused the trial court's extension of the right to reargue and may not now complain.

*Appeal No. 72004*

5. Appellant Hunt argues that the trial court erred in denying him a severance. The grant or denial of a motion to sever defendants is within the sound discretion of a trial court and its ruling will not be disturbed unless there is an abuse of discretion. *Cain v. State*, 235 Ga. 128 (218 SE2d 856). In exercising its discretion, there are three elements which a trial court should consider: (1) whether a joint trial will create confusion of evidence and law, (2) whether there is danger that evidence implicating one defendant will be considered against the other defendant despite cautionary instructions, and (3) whether the co-defendants will assert antagonistic defenses. *Jones v. State*, 243 Ga. 584, 586 (255 SE2d 702).

Although defendant Polke at first asserted that he was not in Hunt's apartment on the night these offenses occurred, he changed his version to admit his presence as a spectator who had paid his money but was dissatisfied with the result. We do not find antagonistic defenses. Neither do we ascertain any confusion of the evidence or the law on the facts presented. The evidence as to the alleged offenses of rape, kidnapping, sodomy and robbery by Polke was complete before admission of evidence of Hunt's participation in the sexual offense charged against him in his apartment. Hence, we find no danger that the evidence implicating Polke would have been considered against Hunt. Applying the test of *Jones*, supra, to the facts of this case we find no abuse of discretion in the refusal of the trial court to sever the defendants' trials. *Murphy v. State*, 246 Ga. 626 (2) (273 SE2d 2); *Cole v. State*, 162 Ga. App. 353, 355 (291 SE2d 427).

6. The general grounds are enumerated as error. An appellate court passes not on the weight but the sufficiency of the evidence. *Johnson v. State*, 146 Ga. App. 621, 622 (247 SE2d 204). The evidence presented at trial is sufficient to enable any rational trier of facts to find the existence of the offense charged against Hunt beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgments affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MARCH 21, 1986.

*Stephanie J. Batcheller*, for appellant (case no. 72003).
*Marcus F. Price, Jr.*, for appellant (case no. 72004).
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.