### 75607. WHITWORTH v. CONNECTICUT INDEMNITY COMPANY.
#### (365 SE2d 523)

POPE, Judge.

Plaintiff was employed by Maypole Chevrolet, Inc., defendant's insured, as a clerical worker. On February 1, 1985, at the request of her employer, plaintiff and another employee traveled to Newnan, Georgia in order to return a Pontiac Fiero automobile to the Maypole dealership in Toccoa. Upon return to the dealership, Maypole terminated plaintiff's employment, citing poor performance as the reason.

Plaintiff subsequently instituted the present action seeking the payment of personal injury protection (PIP) benefits from defendant which plaintiff maintained were owed as the result of the aggravation of a pre-existing back injury that allegedly occurred while plaintiff was driving the Fiero back to Toccoa. Defendant denied coverage, contending that plaintiff's injury did not arise out of the operation, maintenance or use of a motor vehicle as provided by OCGA § 33-34-2 (1). See also OCGA § 33-34-4. Following a jury verdict for defendant, plaintiff appeals.

1. Plaintiff first enumerates as error the trial court's refusal to charge the jury that "policies of insurance are to be interpreted in favor of coverage and where a policy will bear two interpretations, that sustaining the claim for indemnity will be adopted." We find such a charge was not authorized. In the present case, the coverage available under the policy was stipulated prior to trial, and neither the plaintiff nor the defendant sought to introduce into evidence the policy under which those benefits were provided. Moreover, the issue presented here, to wit: whether the term "accidental bodily injury" as defined in OCGA § 33-34-2 (1) includes the aggravation or re-injury of a pre-existing injury, is one of statutory construction not policy interpretation. Accordingly, and "without deciding that [plaintiff's] charge was a correct and accurate statement of the law, it was not adjusted to the pleadings and evidence in the case and . . . the trial court's refusal to give the charge was not error." *Wilkes v. Dept. of Transp.*, 176 Ga. App. 739, 742 (337 SE2d 404) (1985). Accord *Atkinson v. Allstate Ins. Co.*, 182 Ga. App. 50 (2) (354 SE2d 866) (1987); *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (3a) (354 SE2d 6) (1987); *Formica Corp. v. Rouse*, 176 Ga. App. 548 (2) (336 SE2d 383) (1985).

2. Plaintiff also contends that the trial court erred in charging defendant's request No. 26 and argues that said request was untimely

because it was submitted on the second day, rather than at "the commencement of trial" as provided in Uniform Superior Court Rule 10.3. Again, we find no error. Rule 10.3 expressly provides "that additional requests may be submitted to cover unanticipated points which arise thereafter." The record shows that defendant submitted the charge in question following its receipt and review of plaintiff's requests to charge and that defendant specifically argued that the supplemental charge was in response to one of plaintiff's requested charges. To the extent that the opposing party's requests to charge can never be fully anticipated, we agree that the trial court was authorized to exercise its discretion under the authority provided in Rule 10.3. Cf. *General Warranty Corp. &c. v. Cameron-Hogan, Inc.*, 182 Ga. App. 434 (9) (356 SE2d 83) (1987). Moreover, such a holding comports with the general rule that " '[a] charge . . . [which is] adapted to the issues of the case, and appropriate instructions to the jury generally should, when requested, be given in charge to the jury,' [Cit.]" *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 532 (317 SE2d 853) (1984), and allows the court to correct errors in, or refine its charge to the jury. See generally *Polke v. State*, 178 Ga. App. 404 (4) (343 SE2d 167) (1986), citing *Snipes v. Leaseway of Ga.*, 150 Ga. App. 135 (2) (257 SE2d 40) (1979).

Lastly, we also find plaintiff's argument that said charge was factually inapposite to be without merit; hence, this enumeration also affords no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 29, 1988.

*James T. Irvin*, for appellant.
*William S. Sutton*, for appellee.