A89A1134. DEPARTMENT OF TRANSPORTATION v. CRAPPS et al.
(389 SE2d 342)

POPE, Judge.
Appellant Department of Transportation (DOT) appeals from a condemnation award made to appellees. The sole enumeration of error is that the trial court erred in failing to give this requested charge: "Owners of land abutting a public highway have the right to use the highway along with other members of the public. However, they are not entitled to the exclusive use of such property. Where a property owner uses a public highway or a portion thereof as a parking lot for himself or his customers, and as a result of highway improvements, he is no longer able to use the highway for parking, the owner is not entitled to compensation for the loss of such parking space and you should not consider such fact in arriving at your verdict." (Indention omitted.)

A review of the record does not support DOT's argument that the evidence established that Crapps was using the highway or a portion of it as a parking lot. The DOT's expert testified that, in his opinion, if cars parked a certain way, they would be partially within the right-of-way. However, Crapps testified that cars did not park perpendicularly and when parked parallel, as was the usual practice, they were on his property. On cross, Crapps conceded that, in some situations, some portion of a parked car might overhang the sidewalk. Held:

" 'In order for a refusal to charge to be error, the written requests therefor must be entirely correct and accurate, and must be adjusted to the pleadings, the law, and the evidence in the case. (Cit.)' [Cit.]" Wilkes v. Dept. of Transp., 176 Ga. App. 739, 742 (337 SE2d 404) (1985). The testimony relied upon by DOT to support the charge did not establish that Crapps used the right-of-way as a parking lot; it merely speculated that if vehicles parked a certain way, a portion of the right-of-way might be used. The request is broader than the evidence warranted and was refused properly.

Judgment affirmed. Banke, P. J., and Sognier, J., concur.

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED DECEMBER 7, 1989.

*Michael J. Bowers, Attorney General, Roland F. Matson, Assistant Attorney General, Zorn & Caldwell, William A. Zorn, for appellant.*
*Miles, Baker & Morris, Keith M. Morris, for appellees.*