### A93A0429. WOODS v. THE STATE.
(431 SE2d 167)

ANDREWS, Judge.

Woods appeals his convictions for burglary and entering a motor vehicle with the intent to commit a theft.

1. The trial court's charge on the lesser included offense of criminal trespass was substantially the same as the Suggested Pattern Jury Charge on this issue adopted by the Council of Superior Court Judges. See Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 15 (2d ed. 1991). There is no merit in the contention that the charge foreclosed or limited the jury's consideration of the lesser included offense.

2. Woods contends the trial court erroneously denied his motion based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) in which he claimed the state violated his equal protection rights in exercising its peremptory strikes to discriminate against him by excluding blacks from the jury on the basis of race. Under the ini-

tial prong of *Batson*, the defendant has the burden to establish a prima facie case of racial discrimination as a result of the state's use of its strikes. To do so, Woods was required to show that he is black; that the prosecutor exercised peremptory strikes to remove blacks from the petit jury, and that these facts and other relevant circumstances, including relevant statistical data as to the racial composition of the petit jury panel, the strikes exercised by both parties, and the racial composition of the resulting jury, raise an inference that the prosecutor struck blacks from the petit jury on the basis of race. *Aldridge v. State*, 258 Ga. 75, 77-79 (365 SE2d 111) (1988); *Burgess v. State*, 189 Ga. App. 790, 792-793 (377 SE2d 543) (1989). In developing the evidence of a prima facie case for the trial court's consideration, the defendant "has the burden to complete the record with information revealing the racial composition of the panel from which the jury was selected, the racial breakdown of the strikes of both parties, and the racial composition of the resulting jury." *Aldridge*, supra at 77.

The defendant has failed to complete the record with this information. The only portion of the record disclosing this statistical data was in colloquy between defense counsel, the prosecutor, and the trial judge during the *Batson* motion. Defense counsel asserted: (1) that after two jurors were struck for cause from the petit jury, seventeen of the remaining forty-six jurors were black (thirty-seven percent black); (2) that the state exercised eight of its ten peremptory strikes for selection of the twelve-person jury; (3) that three of these eight strikes were used to exclude two black jurors, and one juror who was either black or hispanic; (4) that in exercising two strikes in the selection of alternate jurors, the state excluded one black juror; (5) that the resulting jury was composed of six blacks and six whites. Throughout the hearing on the motion, both the prosecutor and the trial judge commented that there was no agreement on the figures recited by defense counsel. Near the close of argument on the motion, defense counsel stated: "I'm wondering what I need to do to perfect the record, your honor." The trial judge responded: "Well don't ask me. I'm not going to perfect the record for you, but I will let you perfect the record for yourself if you want to." Thereafter, defense counsel merely re-asserted her claim that 17 of the 46 petit jurors were black.

As we have previously held, "[c]olloquies between court and counsel and argument of counsel, though included in the record, are not competent evidence of the facts observed therein, and do not suffice to make a proper record of facts required to establish a prima facie case of discrimination." *Shaw v. State*, 201 Ga. App. 438, 440 (411 SE2d 534) (1991). There was no effort to complete the record by amendment or supplementation pursuant to OCGA § 5-6-41 (f), nor any stipulation as to facts pursuant to OCGA § 5-6-41 (i). On this

record, we find no error in the trial court's ruling that Woods failed to carry his burden to establish a prima facie case of racial discrimination.

Moreover, even accepting the figures asserted by defense counsel, they show that blacks composed 37 percent of the jury panel, and 50 percent of the resulting 12-person jury. In selection of the twelve-person jury, the state exercised eight of its ten peremptory strikes, and the defense identified two black jurors excluded, and one juror identified as possibly black or possibly hispanic. One of two additional strikes was exercised in the selection of alternates to exclude one black juror. Accordingly, the three or possibly four black jurors excluded out of ten total strikes exercised by the state (thirty to forty percent of the strikes), closely parallels the percentage of blacks on the petit jury (thirty seven percent). "When the racial makeup of the group excluded by the prosecutor closely parallels the racial makeup of the venire, the laws of probability may tend to support the prosecutor's claim that none of the jurors was excluded because of their race, and virtually any neutral explanation by the prosecutor will be sufficient to support a finding that race was not a factor in his exercise of peremptory challenges." *Ford v. State*, 262 Ga. 558, 560 (423 SE2d 245) (1992). Since the trial court ruled that no prima facie case was established, the prosecutor was not required under *Batson* to explain the strikes. Nevertheless, he offered race neutral, case related explanations for the strikes, which, especially in light of the prosecutor's diminished burden under the statistical data asserted by the defense, the trial court was authorized to accept. See *Wheat v. State*, 205 Ga. App. 388, 389 (422 SE2d 559) (1992).

3. Woods claims the trial court erred in denying his motion for a new trial on grounds that: (1) the verdict is contrary to the evidence; (2) the verdict is against the weight of the evidence, and (3) the verdict is contrary to law, and principles of justice and equity. Although a claim that the verdict is against the weight of the evidence is addressed to the trial judge, and not to this court (*Daniel v. State*, 180 Ga. App. 687, 688 (350 SE2d 49) (1986)) the remaining claims will be considered as relating to the sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988).

Woods makes no argument as to his burglary conviction, but claims the evidence was insufficient to support his conviction on the charge that he entered a motor vehicle with the intent to commit a theft. OCGA § 16-8-18. The indictment alleged that "on the 8th day of September 1991, [Woods] did unlawfully and without authority enter a 1988 Ford pickup truck, a motor vehicle, the property of Randell Brothers, Inc., with intent to commit a theft therein." Viewed in favor of the verdict, evidence showed the owner of the burglarized business testified that a vehicle at the business location, described as

a 1988 Ford truck or van used for heating and air conditioning work, was also broken into on the night in question, and tools were taken from the vehicle. A security guard at the business testified that while making rounds he heard a vehicle door slam, and upon investigation, discovered that someone had entered the door of a heating and air conditioning panel or utility truck. As he turned from the truck, he saw a man he later identified as Woods a short distance away throwing something over the fence surrounding the business property. He approached Woods, who told him he worked for the business, and then fled over the fence. Later the same night, the security guard saw Woods inside the business. The police were summoned, and Woods was apprehended after a short chase. Various furnishings were broken into inside the business, and Woods' fingerprints were matched to those on a screwdriver found in the building. Woods testified that he went on to the business property, and entered a van solely for the purpose of sleeping there for the night.

Although the proof did not exactly track the specific description of the motor vehicle in the indictment, we find no fatal variance. See *Dobbs v. State*, 199 Ga. App. 793, 794 (406 SE2d 252) (1991). The evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993.

*Elizabeth Markowitz*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.

