## A93A1045. WOODS v. THE STATE.
(435 SE2d 464)

ANDREWS, Judge.

Woods appeals from his conviction by a jury for selling cocaine in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30 (b). He was positively identified at trial by the undercover police of-

ficer to whom he sold the cocaine, and a video and audio tape of Woods selling the cocaine to the officer was played to the jury.

1. Woods claims the trial court improperly limited his cross-examination of the undercover police officer. The officer who made the drug purchase from Woods subsequently resigned from the police force because of allegations that he may have used illegal drugs. He was not charged with any crime, and the alleged drug use was not connected to the drug sale at issue. Defense counsel sought to question the former officer regarding the circumstances of his resignation to attack his general credibility as a witness. In granting the State's motion in limine, the trial court ruled that defense counsel could not inquire into allegations that the former officer had used illegal drugs.

The defense was not entitled to challenge the former officer's credibility by questioning him about allegations of illegal drug use unrelated to this case to raise an inference that he was not worthy of belief. "Instances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude, and the proper method of proving such a conviction is by the introduction of a certified copy thereof." (Citations and punctuation omitted.) *Hall v. State*, 180 Ga. App. 881, 884 (350 SE2d 801) (1986); *Brooks v. State*, 182 Ga. App. 144, 146 (355 SE2d 435) (1987). " '[E]xcept as specifically allowed by law, [evidence] of a witness' conduct in other transactions, criminal or otherwise, having no logical connection with the subject matter of his testimony[, is inadmissible]. . . .' *Rewis v. State*, 109 Ga. App. 83, 86 (134 SE2d 875) (1964)." *Scott v. Chapman*, 203 Ga. App. 58, 59 (416 SE2d 111) (1992).

Woods also argues on appeal that he should have been allowed to cross-examine the former officer to discover if he was biased by any possible deal which might have existed to protect him from prosecution for drug use in return for his favorable testimony in the case. In the trial court, defense counsel argued only that the cross-examination should be allowed to attack the witness' veracity and credibility — no argument was made, and no ruling was entered by the trial court, with regard to allowing the defense to question the witness about any bias resulting from a secret deal. Accordingly, we find no error. *Haynes v. State*, 199 Ga. App. 288, 291 (404 SE2d 585) (1991).

2. Woods argues the trial court erred by admitting the videotape of the drug sale taken with a hidden camera. The hidden camera was equipped with a "right angle lens," a periscope-like device which uses a mirror to reflect the images of objects within the view of the lens. The camera videotapes the virtual images reflected in the mirror, rather than the actual objects before the lens. Accordingly, the videotape records reverse mirror images of the actual events.

Because the videotape showed reverse mirror images of the drug

transaction, Woods claims it did not accurately depict the events, and the trial court should have granted his motion to exclude this evidence. Other than showing mirror images, Woods does not claim the videotape does not accurately depict the actual events. He does not point to any portion of the videotape in which the reverse mirror image caused a material variation from the actual events tending to mislead the jury. See *Cleveland v. State*, 204 Ga. App. 101, 103 (418 SE2d 430) (1992) (enlarged photograph admissible where it has no tendency to mislead); *Cheeks v. State*, 203 Ga. App. 47, 50 (416 SE2d 336) (1992) (videotape of crime scene taken eight months after crime, not rendered inadmissible by immaterial variations). "Georgia follows a liberal policy in the admission of photographic [or videotape] evidence. Whether, under the evidence, the photograph or [video]tape is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused." (Citation omitted.) *Eiland v. State*, 130 Ga. App. 428, 429 (203 SE2d 619) (1973). There was no abuse of discretion in this case.

3. Woods claims that at the pre-trial hearing held to consider admission of similar transaction evidence, the trial court considered unsworn testimony upon which it erroneously decided to allow admission of evidence that Woods had been previously convicted of selling a similar amount of cocaine in the same area in substantially the same manner as the present case. Woods' only objection at trial was that the prior offense was not sufficiently similar so that it tended to prove the charged offense. Since the objection argued on appeal was not raised in the trial court, it presents nothing for this court to review. *Walker v. State*, 208 Ga. App. 690 (431 SE2d 459) (1993); *Self v. State*, 208 Ga. App. 447 (431 SE2d 126) (1993).

4. There was no error in the trial court's instruction on parties to a crime. OCGA § 16-2-20. There was evidence from which the jury could have concluded that Woods acted alone, or as the accomplice of another party who delivered the cocaine to the scene.

5. Woods claims the evidence was not sufficient to support the conviction. As additional grounds, he claims the verdict was contrary to the law, the evidence, and the weight of the evidence. "Although a claim that the verdict is against the weight of the evidence is addressed to the trial judge, and not to this Court (*Daniel v. State*, 180 Ga. App. 687, 688 (350 SE2d 49) (1986)) the remaining [additional] claims will be considered as relating to the sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988)." *Woods v. State*, 208 Ga. App. 565, 567 (3) (431 SE2d 167) (1993). There was ample evidence for a rational trier of fact to find Woods guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED SEPTEMBER 8, 1993 ▮

*O. Dale Jenkins*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.