A95A0648. BARR v. THE STATE.
(455 SE2d 99)

BIRDSONG, Presiding Judge.
Jessie Lee Barr appeals his judgment of conviction of armed rob-

bery and possession of a firearm by a convicted felon. He enumerates two errors. *Held*:

1. Appellant's enumeration of insufficiency of the evidence is without merit. The victim testified that, at about 8:00 p.m., October 20, 1993, she closed her beauty salon and then she and a friend exited the building. Two men — one of whom was a black man wearing a three-inch ponytail and whose face she saw and recognized — were lingering in the immediate vicinity of her salon. Her attention was drawn to the man with the pony tail, because he closely resembled an acquaintance of hers, but as the man turned, she could see his face and realized it was not her acquaintance. She got a good look at the man's face, although for only three or four seconds; the man was illuminated from the light of the convenience store where he was standing. As the victim went toward her truck, the two men "came running around the truck pulling on masks and cocking back their guns." The victim was carrying a box containing a gun and earrings. The men demanded the victim "give it up," and, upon her refusal, one of the men grabbed at the necklaces around her neck, breaking them both and snatching one of them. The victim fell to the ground and spilled the contents of the box she was carrying; she retrieved her pistol and fired at the two men who fled the crime scene. The victim made an in-court identification of appellant as one of the armed men who had robbed her and as the man who had snatched her $3,000 necklace; appellant posed no objection to this testimony. She further testified as to appellant's facial hair and clothing on the night of the incident; and that she also had observed appellant near her truck as he was donning his mask. During the course of the robbery, appellant aimed a black .44 or .45 caliber automatic at the victim's body. The victim further testified, without objection, as to her post-trial identification of appellant from a photo line-up. The victim's friend testified and made an in-court identification of appellant; she also described each of the perpetrators' clothing, testifying that both were carrying guns, and also corroborating the date and time of the robbery.

Following appellant's conviction on the robbery count, appellant was tried in a bifurcated proceeding on the count of possession of a firearm by a convicted felon. In addition to the evidence introduced during the proceedings on the robbery count, the State introduced additional evidence of appellant's prior felony convictions. The evidence of record establishes that on the date of the armed robbery offense appellant also was a convicted felon in possession of a firearm as averred.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine wit-

ness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred in instructing the jury they could convict the appellant if they found he had committed the robbery offense within seven years prior to the indictment. Specifically, appellant asserts that in view of his alibi defense which corresponds to the specific date averred in the indictment, the contested instruction deprived him of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Georgia Constitution of 1983.

Appellant's enumeration is without merit; reversible charging error has not occurred. Compare *Martin v. State*, 196 Ga. App. 145, 146 (1) (395 SE2d 391) and *Whittington v. State*, 184 Ga. App. 282, 285 (4) (361 SE2d 211).

Additionally, charging error, even of constitutional magnitude, is harmless when an appellate court determines, beyond a reasonable doubt, that the error did not affect the verdict. *Gavin v. Vasquez*, 261 Ga. 568, 570 (407 SE2d 756), citing *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705); accord *Gentry v. State*, 212 Ga. App. 79, 83-84 (4) (441 SE2d 249). The evidence of record was sufficient to meet the standards of *Jackson v. Virginia*, supra. See Division 1 above. Moreover, the testimony given by the State's witnesses regarding the robbery offense unequivocally establishes the date of the offense as that date averred in the indictment. Examining the trial court's charges in their entirety (see generally *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)) and in light of the evidence of record relevant to the averred offenses, we find that the jury instruction complained of did not affect the verdict; instead, even in light of claims of error of constitutional magnitude, it was harmless beyond a reasonable doubt.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 8, 1995.

*Rodney S. Zell, Glenn Zell*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, B. Martin First, Assistant District Attorneys*, for appellee.