# Court of Appeals
# of the State of Georgia

ATLANTA,___June 25, 2014_____

*The Court of Appeals hereby passes the following order:*

**A14A1815.  LARRY POLKE v. THE STATE.**

In 1985, Larry Polke was convicted of kidnapping, rape, aggravated sodomy, and armed robbery.  We affirmed his convictions on appeal.  *Polke v. State*, 178 Ga. App. 404 (343 SE2d 167) (1986).  In 2014, Polke filed a motion to vacate a void sentence.  The trial court denied the motion, and Polke appeals.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Polke argued that the court improperly instructed the jury at his trial, that there was insufficient evidence of aggravated sodomy, that the state failed to show a proper chain of custody for DNA evidence presented at trial, and that the court erred by failing to merge his four convictions.  All four of these claims relate

to the validity of Polke's convictions, not his sentence.[1]  But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  And any appeal from an order denying or dismissing such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Because Polke has failed to raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/25/2014

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] In addition, Polke raised these first three arguments in his original appeal, but we rejected them.  See *Polke*, supra.  "Relitigation of issues previously decided on appeal is barred by res judicata."  *Mann v. State*, 259 Ga. App. 553, 554 (2) (578 SE2d 238) (2003).