## 48760. EILAND v. THE STATE.

DEEN, Judge. The events of this case are simple. The defendant driver, with two other men in the car, was attempted to be stopped by two unmarked police cars manned by ununiformed detectives. As the defendant's car was proceeding in a southerly direction at about 25 to 35 miles per hour, one unmarked police car approached from the rear, and another approached with oncoming traffic in a northerly direction. As it came up to the defendant's car it swerved across the center line to its left hand

side of the road and stopped in front of the defendant's car, which also pulled to a stop when so confronted. The driver of the oncoming police car pointed a pistol at the defendant. There is some conflict as to whether a shot was fired, whether the oncoming car had its flashing lights on, and whether the defendant had to back up in order to speed around the oncoming car and flee, which is what he did. The explanation offered for this conduct is that the defendant did not know the identity of the car or understand the pistol threat and the passenger and codefendant Reid told him to go on as he had a lot of money with him. This happened at about 11:30 p. m. Before the chase ended a bag with drugs was ejected from the passenger's side of the car. The police were working at the time on a tip pertaining to Reid. Eiland, supported by still another passenger in the car, offered a fairly circumstantial explanation as to why he happened to be with them. The main thrust of the appeal is that a video tape offered in evidence is unfair as to this defendant. *Held:*

1. Georgia follows a liberal policy in the admission of photographic evidence. *Cagle Poultry & Egg Co. v. Busick,* 110 Ga. App. 551, 552 (139 SE2d 461). Whether, under the evidence, the photograph or movie tape is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused. *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120); *Louisville & N. R. Co. v. Moreland,* 122 Ga. App. 850 (178 SE2d 904). Where posed photographs shot at a later time are used and there is testimony as to immaterial variations between the picture and the scene, the judge's decision to admit the pictorial representation will not ordinarily be reversed. *Curtis v. State,* 224 Ga. 870 (165 SE2d 150).

However, photographs and especially movies which are posed, which are substantially different from the facts of the case, and which because of the differences might well be prejudicial and misleading to the jury, should not be used, and this is especially true where the situation or event sought to be depicted is simple, the testimony adequate, and the picture adds *nothing except the visual* image to the mental image already produced. For example, in Anello v. Sou. Pac. Co., 174 Cal. App. 2d 317 (344 P2d 843), where the steam locomotive at issue was black and the posed photograph used a diesel switch engine painted with bright orange stripe, it was held that the picture was calculated to produce a vivid image and was not a substantially similar

representation. Again, in People v. Dabb, 32 Cal. 2d 491, 498 (197 P2d 1): "A motion picture of the artificial recreation of an event may unduly accentuate certain phases of the happening, and because of the forceful impression made upon the minds of the jurors by this kind of evidence, it should be received with caution. As pointed out in Wigmore, such a portrayal of an event is apt to cause a person to forget that 'it is merely what certain witnesses say was the thing that happened' and may 'impress the jury with the convincing impartiality of Nature herself.' (3 Wigmore, Evidence, 3d Ed. § 798a, p. 203.)"

There was no need for pictorial representation here. Both sides agreed that as the defendant was driving along at a reasonable speed he was stopped by a roadblock composed of a car approaching from behind and another car meeting him head-on, which had swerved to his side of the road, and the driver of which pointed a pistol at him. It is agreed that the cars were unmarked and the time was after 11:00 p.m. The movie, however, showed a marked police car and was of course made in daylight. Further, its angle of reference is what the *defendant* would have seen while driving the vehicle, but all contested facts are depicted as contended for by the state, except the time and automobile used which go beyond the state's testimony. We find no necessity for having used a film in the first place, and the film used had no purpose except to make more vivid the prosecution argument that the defendant, fleeing as he did, must be possessed of guilty knowledge. In this case, where the ultimate question is whether or not the jury believed the defendant's statement that he did not know Reid had cocaine on him, this contrived pictorial representation tended to become an extra witness against the defendant, and that in a manner which differed from reality in substantial particulars. Its use over objection constitutes reversible error.

2. The remaining enumerations of error are not passed on as not likely to recur.

*Judgment reversed and remanded for new trial. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED NOVEMBER 26, 1973 — REHEARING DENIED DECEMBER 14, 1973.

*J. M. Salome, Robert S. Windholz,* for appellant.

*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.