### 59716. DOWDY v. THE STATE.

CARLEY, Judge.

Kenneth Dowdy brings this appeal from his conviction for the armed robbery of William Ryan.

In his first enumeration of error Dowdy contends that the trial court "erred in allowing [prosecution witness] Sergeant B. T. Jones to testify in rebuttal after he had been released from the rule of sequestration." Jones was excused by the court at the close of his testimony and was then permitted to sit at the prosecution's table during the testimony of Ryan. After a brief recess for lunch, the prosecuting attorney informed the court that he had inadvertently asked that Jones be excused despite the fact that Jones was a "potential rebuttal witness." The trial court immediately ordered Jones to be placed under the rule of sequestration. After the defense had presented its case, the prosecution called Jones in rebuttal. The defense objected to the recall of Jones but the trial court overruled the objection and allowed Jones to give rebuttal testimony.

The record clearly establishes that the trial court carefully weighed the merits of Dowdy's objection before allowing Jones to testify for the second time:

"THE COURT: All right. Let the record show that Mr. Jones testified and at the conclusion of his testimony counsel representing the State, the assistant attorney, asked that Mr. Jones be allowed to be excused as a witness. Counsel representing the defendant concurred in that. Mr. Jones was excused as a witness, and he remained in the courtroom seated at the table with the district attorney, who was representing the State, until the conclusion of the State's evidence. Before any evidence was introduced by the defendant, after the recess for lunch, Mr. Jones was placed back in the witness room under sequestration, and he did not hear any of the testimony offered by any of the witnesses on behalf of the defendant. Now, I will ask Mr. Jones two or three questions. Has anybody discussed this case with you during the recess or while you were excused as a witness, as far as any testimony? MR. JONES: No sir. THE COURT: That is, anybody from the district attorney's office or any other individual? MR. JONES: No, sir, I went home for lunch.

THE COURT: You went . . . MR. JONES: I went home. THE COURT: He went home for lunch. So you haven't talked to anyone about it. So you don't know what the evidence is? MR JONES: I have no idea. THE COURT: And you don't know why you are being called [back] as a rebuttal witness? MR. JONES: I have no idea. THE COURT: All right, in view of that, I overrule the objection and will allow the witness to testify."

"All the cases emphasize that the trial court has a wide discretion in deciding whether to allow the testimony or not . . ." *McElroy v. State,* 154 Ga. App. 638. In *McElroy* we upheld the trial judge's *refusal* to allow a witness to testify because of a violation of the sequestration rule. However, the standard of appellate review is consistent and a ruling of the trial court either admitting or excluding the testimony of a sequestered witness will not be disturbed in the absence of an abuse of discretion. In view of the above recited colloquy between the court and the witness, we find no such abuse of discretion in the instant case. Accordingly, the trial court did not commit reversible error by permitting Jones to testify as a rebuttal witness. See also *Pearley v. State,* 235 Ga. 276 (219 SE2d 404) (1975); *Bryan v. State,* 148 Ga. App. 428 (3) (251 SE2d 338) (1978).

Dowdy also asserts that the "evidence presented during the trial of the case was insufficient to sustain a conviction." While the record does contain testimony which, if believed, tends to support Dowdy's claim of innocence, we nevertheless find that the evidence adduced at the trial of this case was sufficient to enable a rational trior of fact to find Dowdy guilty of armed robbery beyond a reasonable doubt. See *Balom v. State,* 245 Ga. 367 (265 SE2d 21) (1980).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted April 9, 1980 — Decided May 20, 1980.

*Charles L. Wilkinson, III,* for appellant.
*Richard E. Allen, District Attorney, Edwin J. Wilson, Assistant District Attorney,* for appellee.