## 70715. SYPHO v. THE STATE.
(334 SE2d 878)

DEEN, Presiding Judge.

Appellant Sypho was convicted by a Rockdale County jury on charges of the armed robbery and rape of a female employee of a Monticello (Jasper County), Georgia, convenience store. Sypho entered the store and at gunpoint demanded that the victim give him the money in the cash drawer. Upon the victim's compliance, the robber forced the woman to accompany him to her automobile and to drive him to a wooded area of Rockdale County approximately one hundred yards from the DeKalb County line. He required the victim, still at gunpoint, to leave the automobile and accompany him into the woods, where he raped her. She left her handbag on the front seat of the car during this episode. He then drove away in the automobile, leaving the woman behind but taking her handbag with him.

After resuming the clothing she had been forced to remove, the victim ran to the nearest house for help. Law enforcement officers from both DeKalb and Rockdale Counties (and from Jasper County, as well) were summoned. After the victim had led them to the area where the automobile had been parked and the rape had occurred, the officers determined that both the rape and the asportation of the handbag had taken place in Rockdale County. Officers subsequently found the handbag lying in a ditch beside a Rockdale County road.

A physician at the Rockdale County Hospital Emergency Room examined the victim and found physical evidence of rape. These findings were confirmed by analysis of samples of the victim's vaginal contents. The victim provided officers with a full account of the incident and a physical description of her assailant, and positively identified a photograph of appellant from a seven-picture photographic lineup. A few days after the rape and armed robbery, DeKalb County police picked up appellant while he was driving the victim's automobile. Laboratory analysis of samples of his semen and body hairs indicated that they matched those found on the victim's person.

On appeal Sypho enumerates as error the trial court's failure to dismiss the charges against him on the ground of the state's alleged failure to prove venue; the court's denial of a motion for a directed verdict of acquittal on the armed robbery charges; and the court's denial of appellant's motion for mistrial and failure to give curative instructions concerning the allegedly improper admission of testimony regarding prior crimes. *Held:*

1. Under OCGA § 17-2-2 (b), "If a crime is committed on, or immediately adjacent to, the boundary line between two counties, the crime shall be considered as having been committed in either county." Subsection (h) of the statute further provides that "[i]f in any case it cannot be determined in which county a crime was com-

mitted, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." Even without direct evidence of the situs of the crimes, then, the issue of venue in the instant case would have been resolved in the state's favor.

According to the record, however, there was competent, probative evidence as to where the crimes were committed. The owner of the house to which the victim had fled for help testified that her property was partially in DeKalb County and partially in Rockdale County. Law enforcement officers who accompanied the victim to the rape scene and to the spot where the automobile had been parked confirmed the householder's testimony by consulting an official map immediately upon returning to their offices from the crime scene. The record indicates that the evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that venue was proper. *Miller v. State*, 174 Ga. App. 42 (329 SE2d 252) (1985). This enumeration is without merit.

2. Appellant contends that his motion for directed verdict of acquittal on the armed robbery charge should have been granted because the handbag was not taken from "the person or the immediate presence" of the victim, as required by OCGA § 16-8-41 (a). He points out that since by the victim's own testimony she was forced to walk perhaps 150 feet from the automobile before the rape took place, the asportation of the handbag was not from her person or immediate presence. The Supreme Court of Georgia has observed, however, that "[o]ne's 'immediate presence' in this context stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was' not too far distant." *Welch v. State*, 235 Ga. 243, 245 (219 SE2d 151) (1975). In *Welch* the court reviewed decisions from other jurisdictions and went on to cite an 1889 Georgia case, *Clements v. State*, 84 Ga. 660 (11 SE 505), which at 665 cites an English case in which "a wagoner was forcibly stopped in the highway by a man under fraudulent pretense that his goods were unlawfully carried for want of a permit, and while they were going to a magistrate to obtain the permit, the man's confederates took away the goods, [and] this was sufficient proof of a taking to constitute robbery." *Merriman v. The Hundred of Chippenham*, 2 East P. C. 709. " 'The meaning of ["presence"] is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection[,] that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to the individual, within a distance, not easily defined, over which the influence of the personal presence extends.' " Bishop, Criminal Law, Vol. 2, § 1177; cited in *Clements*, supra at 665. See also *Battle v. State*, 155 Ga. App.

541, 542 (271 SE2d 679) (1980). This enumeration, too, is without merit.

3. Also without merit is appellant's contention that the trial court erred in admitting testimony regarding prior crimes. The "prior crimes" to which appellant adverts were those of kidnapping, armed robbery, and theft by taking, all of which immediately preceded and led into the instant case — and which, the state contends, were a part of the *res gestae* of the latter. Prior to appellant's standing trial in Rockdale County for the offenses with which he was charged in the instant case, he had been convicted of the former three offenses in Jasper County, where they had occurred.

It is well settled in this state that "[a]cts are pertinent as a part of the *res gestae* if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. . . ." *Cox v. State*, 64 Ga. 375, 410 (1879); *Andrews v. State*, 249 Ga. 223 (290 SE2d 71) (1982); *Mitchum v. State*, 11 Ga. 615 (1852). Clearly, the facts of the instant case are such as to establish, between the crimes charged in the instant case and those charged in Jasper County, a relationship which fits the *Cox* definition of *res gestae*, supra. " ' "One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the *res gestae*." ' " *King v. State*, 230 Ga. 581 (198 SE2d 305) (1973); *Hall v. State*, 163 Ga. App. 515 (295 SE2d 194) (1982). "Therefore, a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, supra at 228. Under the facts of the instant case, the trial judge did not err in admitting the evidence concerning the crimes which immediately preceded those of which appellant stands convicted in the instant case.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985.

*John A. Nix*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.