A91A1554. CHEEKS v. THE STATE.
(416 SE2d 336)

SOGNIER, Chief Judge.

Michael A. Cheeks and a co-defendant were convicted in a joint trial of trafficking in cocaine, and Cheeks appeals.

The evidence at trial showed that, acting upon information from an informant, the Albany-Dougherty County Drug Squad obtained and executed a search warrant for a convenience store where appellant was working. Both Officer Janice Gardner and Captain Chuck Faulk, who participated in the raid, testified that the store was locked and that it was being opened from inside for people seeking entrance. The officers pulled up to the store's gas pumps in an unmarked van and discharged Gardner. The door of the store was unlocked to admit Gardner, who bought candy and a soft drink. Gardner identified appellant as the person who opened the door for her. As Gardner was leaving, the door was opened and, acting upon prearranged instructions, she turned while holding the door open and made conversation with others in the store, allowing the other officers, who had been waiting in the van, to enter the store. The officers confiscated a bag containing several pieces of what was later identified as rock cocaine weighing more than 31.3 grams from the person of Johnny Platt, appellant's co-defendant. Platt and William Louis Williams, who was also present in the store, were arrested. Several other people in the store were allowed to leave, and appellant, who testified he was employed at the store, stayed behind while a thorough search of the

premises was made. In that search, a matchbox containing what was later identified as one gram of rock cocaine was found in a small room behind the counter. Approximately $3,000 in cash and a substantial amount of jewelry were also found and confiscated. When the search was completed, appellant was arrested. Appellant, Williams, and Platt were charged with trafficking in cocaine.

After appellant was convicted of that charge and sentenced, the trial court granted the motions for a new trial made by appellant and his co-defendant, Platt, on the ground of insufficiency of the evidence. The trial court later modified that order by reaffirming the grant of a new trial but finding appellant and Platt guilty of possession of cocaine. A majority of this court has interpreted the order as modified as a finding that the evidence at trial was insufficient to support a conviction for trafficking in cocaine but sufficient to support a conviction for the lesser included offense of possession of cocaine, and has affirmed the conviction of appellant's co-defendant. *Platt v. State*, 200 Ga. App. 784 (409 SE2d 878) (1991).

1. We find the evidence presented at trial sufficient to have authorized the jury to believe that appellant was involved in the cocaine transactions at the convenience store and to convict appellant of cocaine possession under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Marshall v. State*, 197 Ga. App. 762, 764 (4) (399 SE2d 555) (1990).

2. We find no merit in appellant's contention that the trial court erred by denying his motion for severance. The decision whether to grant or deny the motion was within the discretion of the trial court and will not be reversed unless shown to constitute a denial of due process. *Mitchell v. State*, 195 Ga. App. 255, 258 (2) (393 SE2d 274) (1990). In determining whether severance should be granted, the trial court must consider (1) whether a joint trial will create confusion of the evidence and law applicable to each defendant; (2) whether the danger exists that evidence admitted against one defendant will be considered against the other despite cautionary instructions; and (3) whether the defendants' defenses are antagonistic. Id. "The burden is on the defendant requesting the severance to make a clear showing of prejudice. He must show more than a possibility that a separate trial would give him a better chance of acquittal." (Punctuation and citations omitted.) Id.

In this case, appellant's motion for severance was based on the fact that Platt objected to the admission at trial of testimony he had previously given at Williams' probation revocation hearing exonerating Williams. At that hearing Platt had testified that Williams had not known that Platt had been selling cocaine at the store and that all the cocaine found on Platt's person belonged to him. Appellant argued that as Platt had indicated that he would not testify at their

joint trial, appellant would be unable to introduce Platt's prior confession taking responsibility for all the cocaine found in the store. The record shows, however, that this testimony was, in fact, admitted into evidence at the joint trial by the prosecutor, and thus appellant's concerns were satisfied. Appellant thus has made no showing of prejudice to him, and as appellant and Platt were arrested at the same time, based on the same evidence, and their defenses were not antagonistic, with both claiming the cocaine was not theirs and they did not sell it, the trial court did not abuse its discretion by denying appellant's motion to sever. *Mitchell*, supra at 259 (2).

3. We find similarly without merit appellant's contentions that the trial court erred by failing to hold an evidentiary hearing on his motion for a change of venue and by denying the motion for such a change.

(a) We note initially that we find no written motion on behalf of appellant in the record, as required by OCGA § 17-7-150 (a). The record does, however, contain the transcript of a motions hearing several weeks before trial, in compliance with OCGA § 17-7-150, at which appellant had the opportunity to present evidence in support of his motion for a change of venue. The fact that he presented argument instead of evidence does not taint the procedure. Moreover, appellant's assertion that 35 of the 42 qualified members of the jury panel had learned of his arrest through the news media is not supported by the record.

(b) To prevail on a motion for change of venue pursuant to OCGA § 17-7-150 (a), a defendant must show either that the setting of the trial was inherently prejudicial or that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. *Ponder v. State*, 194 Ga. App. 446, 447 (3) (390 SE2d 869) (1990). A trial court's finding that a defendant can receive a fair trial in the county in which the crime was committed must be upheld if not manifestly erroneous. Id. The transcript reveals that although appellant asked the jurors whether they had heard of arrests of drug dealers, he did not inquire whether they could render an impartial decision despite whatever knowledge they had gleaned from the media. Appellant has, therefore, failed to demonstrate the required prejudice, and thus the trial court did not err by denying the motion for a change of venue. See id.

4. Because appellant believed that Williams, known as "Big Willie," was notorious and that any reference to "Big Willie" would prejudice him, he moved in limine to prohibit any reference by the prosecutor to "Big Willie." The trial court ordered the prosecutor to refer to Williams by his proper name. We find utterly without merit appellant's contention that the trial court erred by denying appellant's motion for a mistrial after the prosecutor referred to Williams

as Willie Williams, as the prosecutor believed that to be Williams' proper name. Indeed, no evidence was introduced to show Williams' correct proper name.

5. We do not agree with appellant that permitting witnesses to testify as to the reputation of the convenience store impermissibly placed appellant's character in issue. See *Frazier v. State*, 195 Ga. App. 599 (2) (394 SE2d 396) (1990).

6. Appellant maintains the trial court erred by allowing the State to show to the jury a videotape of the crime scene made by Investigator Tommy Simpson approximately eight months after the arrests. The videotape was introduced to illustrate Simpson's testimony regarding the security devices present at a convenience store purportedly open to the public; multiple surveillance cameras mounted outside the building but not trained on the gas pumps, electric door locks, dark window tints, and the like.

Georgia follows a liberal policy in the admission of photographic evidence. *Eiland v. State*, 130 Ga. App. 428, 429 (1) (203 SE2d 619) (1973). "Whether, under the evidence, the . . . tape is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused. [Cits.] Where [videotape] shot at a later time [is] used and there is testimony as to immaterial variations between the picture and the scene, the judge's decision to admit the pictorial representation will not ordinarily be reversed. [Cit.]" Id. Although Simpson testified the window tint had been changed since the date of the arrest, he stated the tape otherwise accurately depicted the convenience store. Given Simpson's testimony, which was not rebutted, we find the trial court did not abuse its discretion by admitting the tape.

7. We do not agree with appellant that the State's violation of the rule of sequestration required that the trial court prohibit Assistant District Attorney Tracy from testifying. Tracy was trying a case in another courtroom and was not present in the courtroom when the rule was invoked. Subsequently, he entered the courtroom and sat at the prosecution table. He then was called to testify. However, Tracy's testimony was limited to explaining his role as prosecutor during Williams' probation revocation hearing and reading into the record Platt's inculpatory statement.

The decision whether to allow a witness who has violated the rule of sequestration to testify thereafter is within the discretion of the trial court. *Dowdy v. State*, 154 Ga. App. 700 (269 SE2d 530) (1980). Given that the sequestration statute, OCGA § 24-9-61, provides that "[t]he [trial] court shall take proper care to effect [the object of the rule] as far as practicable and convenient, but no mere irregularity shall exclude a witness," and that the purpose of the rule is to prevent a witness who has testified from influencing witnesses who have

not, see *Rogers v. State*, 257 Ga. 590, 593 (4) (361 SE2d 814) (1987), under the circumstances present here we conclude the trial court did not abuse its discretion. *Dowdy*, supra.

8. Appellant's two enumerations of error regarding the trial court's grant of the State's motion for reconsideration after granting appellant's motion for a new trial are controlled adversely to him by this court's opinion in *Platt v. State*, supra.

9. We have carefully examined appellant's 11 remaining enumerations of error and conclude that they are without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 13, 1992 —
RECONSIDERATION DENIED FEBRUARY 25, 1992 — 

*Beauchamp & Associates, Kenneth W. Musgrove, Kermit S. Dorough, Jr.*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.