## A02A1486. CHANEY v. THE STATE.
(574 SE2d 634)

BARNES, Judge.

Keith Chaney was convicted of kidnapping with bodily injury and attempted robbery. The trial court sentenced him to mandatory life in prison for the kidnapping and five years concurrently for the robbery charge. He appeals, contending that (1) the evidence on both counts was insufficient; (2) the robbery count should merge with the kidnapping count; (3) the trial court erred in overruling his objection to hearsay evidence; (4) the court erred in admitting into evidence his book-in picture; (5) the court erred in allowing the admission of altered photographs; and (6) his trial counsel was ineffective. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in the light most favorable to the verdict, the evidence at trial established that the 77-year-old victim was about to pull out of his apartment parking lot in his van when Chaney jumped into the vehicle and sat on him, pinning him to the seat. Chaney drove the van across the road and crashed into a tree. Chaney was ejected, but got back into the van and tried unsuccessfully to start the engine. He then got out of the vehicle and lay on the ground. A patrolman arrived at the scene within a few minutes, and both Chaney and the victim were taken to the hospital. The victim suffered several broken ribs on his left side, a punctured right lung, and a broken shin.

1. The evidence as outlined above is clearly sufficient for a rational trier of fact to find Chaney guilty beyond a reasonable doubt of kidnapping with bodily injury and attempted robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Chaney contends that the kidnapping and attempted robbery convictions should merge, arguing that the actions of entering and driving the van supported both counts. The kidnapping indictment accused Chaney of forcibly abducting and stealing away the victim and holding him against his will; the attempted robbery indictment accused him of attempting to take a van from the victim by the use of force. The kidnapping offense was proven by the fact that Chaney moved the victim against his will from one place to another, and the attempted robbery offense was proven by the fact that Chaney reentered the van after the wreck and tried unsuccessfully to restart it. "Kidnapping is not a continuing crime; it was completed when the victim was moved from one [location] to another. The [attempted] robbery occurred subsequently." (Citation omitted.) *Sharp v. State*,

255 Ga. App. 485, 487 (1) (565 SE2d 841) (2002). We conclude that the offenses did not merge. *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982).

3. Chaney asserts the trial court erred in overruling his hearsay objection to the investigating police officer's testimony about a witness's statement. Chaney objected when the State asked the officer on direct examination what the witness told him about the accident. The State responded that the witness had already testified, and the trial court noted that Chaney had already cross-examined the witness and could recall her if necessary. The officer then testified that the witness told him she had seen Chaney enter the van before it hit the tree, in contrast to the witness's earlier testimony that she did not see what happened before the collision, but saw Chaney get in and try to start the van after the wreck. On its own motion, the trial court sent the jury out and questioned the officer about his testimony, noting that the witness had not testified that she saw Chaney enter the van before the wreck and that the officer had not included that statement in his report. The court instructed the State to refrain from asking the officer any more questions about what other people told him. When the jury returned, the court gave the following curative instruction: "Ladies and gentlemen, you just heard [the witness] testify to what she saw with respect to the accident with the van. And now you may continue with the police officer asking about things other than what people told him."

The State contends on appeal that Chaney waived his hearsay objection to the officer's testimony by failing to challenge the adequacy of the curative instruction and failing to renew his motion for mistrial. Pretermitting whether the issue was preserved for review, we will consider the merits because Chaney also alleges that his trial counsel was ineffective for failing to preserve this objection for review, among other things.

The trial court overruled the objection on the ground that the witness had already testified. While we will consider whether inadmissible evidence is cumulative of other competent, admissible evidence in determining whether the erroneous admission is harmless error, "[c]umulativeness . . . is not an exception to the hearsay rule and certainly affords no basis for an evidentiary ruling at trial." (Emphasis omitted.) *Parker v. State*, 162 Ga. App. 271, 273 (5) (290 SE2d 518) (1982). Thus the trial court erred in overruling Chaney's objection to the evidence. That error is harmless, however, in light of the trial court's immediate curative instruction, in addition to the overwhelming evidence against Chaney.

4. Chaney argues that the trial court erred in admitting into evidence his book-in picture, because his identification was not an issue at trial and the picture was more prejudicial than probative. We

leave to the trial court's discretion the task of weighing the probative versus prejudicial value of evidence, finding error only when the court abuses that discretion. *Bell v. State*, 203 Ga. App. 109, 110-111 (3) (416 SE2d 344) (1992). In this case, the eyewitness testified that she had described Chaney to the police and at a preliminary hearing, and that his appearance at trial was different because his hair was shorter. The witness then confirmed that Chaney's book-in picture matched his appearance on the day of the wreck. The photograph was relevant to show how Chaney appeared at the time of the crime. *Rittenhouse v. State*, 272 Ga. 78, 79 (3) (526 SE2d 342) (2000). We find no error.

5. Chaney argues that the trial court erred in admitting into evidence altered photographs of the scene.

(a) The first photographs showed the crime scene without the tree into which the van crashed. The victim identified the photographs as being the location where his van hit a tree and testified that the tree had been cut down after the wreck. Chaney contends that these photographs were inadmissible because they do not fairly and accurately represent the scene.

"Whether, under the evidence, the [photograph] is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused." (Citations and punctuation omitted.) *Cheeks v. State*, 203 Ga. App. 47, 50 (6) (416 SE2d 336) (1992). When witnesses have testified about immaterial variations between a scene when the crime occurred and the scene as later photographed, we will not ordinarily reverse a trial judge's decision to admit the photograph. Id. In this case, the size and exact location of the tree that the van struck were not material issues in this case, and the trial court did not err in admitting the photographs into evidence.

(b) Chaney also objects to the admission into evidence of a photograph on which the victim drew a line. The State showed the victim a photograph of the crime scene and asked him to draw the van's path after Chaney took over the wheel. Chaney objected and the trial court sustained the objection, but the victim drew a line on the picture anyway. The trial court later admitted the photograph over Chaney's objection, concluding that, even though the victim should not have marked it, the marking was not "such that the jury should not be allowed to see the picture even with the markings on it." As with the severed tree, the path of the hijacked van was not a material issue in this case, and the single line drawn by the victim in the jury's presence did not render the photograph inadmissibly prejudicial. The trial court did not err in admitting the photograph.

6. Finally, Chaney alleges his trial counsel was ineffective in three specific ways.

In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984).

*Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

(a) We have addressed Chaney's first claim of ineffectiveness, that his trial counsel failed to preserve for review his objection to hearsay testimony, in Division 3, concluding that the trial court's error in admitting the testimony was harmless. Additionally, trial counsel testified that he thought the admitted hearsay hurt the State's case, because their witness was contradicting another of their witnesses. Therefore he made the strategic decision to refrain from objecting further. "[A] reviewing court must be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." (Citations and punctuation omitted.) *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001).

(b) Chaney contends his trial counsel was ineffective for failing to ask the trial court to instruct the jury to ignore the marks that the victim made on a photograph. Trial counsel testified at the motion for new trial hearing that he could not remember why he did not do so. As previously discussed in Division 5 (b), however, any error in admitting the marked photograph was harmless; thus Chaney cannot show that, but for his trial counsel's failure, a reasonable probability exists that his outcome would have been different.

(c) Finally, Chaney asserts that his trial counsel was ineffective for failing to call a medical expert to testify that his injuries could have been sustained from being hit by the van, which was Chaney's version of events. "In assessing the prejudicial effect of counsel's failure to call a witness . . . , a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Absent such a proffer, Chaney cannot show that this failure prejudiced his defense or show there is a reasonable probability that he would have been acquitted. The trial court did not err in denying Chaney's motion for new trial on the basis of ineffective assistance of counsel.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED NOVEMBER 22, 2002.

*Amy H. Bogartz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.