## A03A0868. EVANS v. THE STATE.
### (581 SE2d 676)

ELDRIDGE, Judge.

A Jones County jury found Derrick Evans guilty of hijacking a motor vehicle, aggravated assault, and two counts of armed robbery, which charges arose from acts Evans and two other men perpetrated against the driver and passenger of a late model Chevrolet Tahoe SUV at the intersections of Highway 129 and Highway 11 in Gray. Evans appeals, claiming that the trial court erred in permitting identification evidence based upon a suggestive pretrial lineup; that the trial court erred in permitting the victim to testify that he was certain in his identification of Evans as a perpetrator; and that the evidence was insufficient to support the verdict. Finding these contentions meritless, we affirm.

1. The trial court denied Evans' motion to suppress the victims' identification testimony. Evans argues that such ruling was error because (a) the background color in Evans' photograph was a different color from the backgrounds in the other five photographs, and (b) the trial court did not consider the factors identified in *Neil v. Biggers*[1] prior to his ruling. We find no error.

---

[1] 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). See also *Semple v. State*, 271 Ga. 416, 418 (2) (519 SE2d 912) (1999) (when impermissibly suggestive identification procedure is

(a) The procedure used for the pretrial identification of Evans by the victims was not impermissibly suggestive. The record shows that the subjects in the other five lineup photographs were physically similar to Evans, and Evans does not claim otherwise. Nor is there any contention that the authorities suggested to the victims in any fashion which photograph to choose. Although Evans complains that none of the other five photographs used a "beige" background like that contained in his photograph, the record shows that several of the photographs utilized different colored backgrounds, i.e., "whitish," and "light lavender bluish"; thus, Evans' photograph's background, alone, did not stand out as different while the other five backgrounds were exactly the same.[2] Moreover, Evans has failed to demonstrate how the background color of his photograph made him stand out from the other lineup participants in an arbitrary or apparent way so as to be "suggestive," especially since the only victim questioned on this subject testified that, in the ten seconds it took him to pick Evans out of the lineup, "I was looking at the faces. The background, I didn't — the background didn't make no difference to me."[3] Accordingly, the trial court did not err in admitting the disputed identification evidence.

(b) Prior to the trial court's ruling on the admissibility of the lineup evidence, Evans' counsel stated to the court "if you find . . . that it [(lineup)] was not impermissibly suggestive, then we don't even get to the *Biggers* factors." The trial court found the lineup was not impermissibly suggestive, and Evans now claims error because the court failed to consider the *Biggers* factors. Pretermitting the disingenuousness of this argument, "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."[4]

2. Next, Evans claims error in the trial court's ruling permitting the State to ask one of the victims about his identification of Evans as a perpetrator: "Q. [I]s there any doubt in your mind that the person with the gun that night is that man sitting at the table? A. No doubt. I know for sure." Evans contends that this "statement of relia-

---

employed, factors to consider under *Neil v. Biggers*, supra, are: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the accused; (4) the witness's level of certainty at the confrontation with the accused; and (5) the length of time between the crime and the confrontation).

[2] *Brewer v. State*, 219 Ga. App. 16, 19 (6) (463 SE2d 906) (1995).

[3] See *Clark v. State*, 271 Ga. 6, 12 (7) (b) (515 SE2d 155) (1999), citing *Hodnett v. State*, 269 Ga. 115, 118 (4) (498 SE2d 737) (1998) (appellant did not show lineup was impermissibly suggestive when he failed to demonstrate how the lineup made him stand out from the other lineup participants in an arbitrary or apparent way).

[4] (Citations and punctuation omitted.) *Payne v. State*, 273 Ga. 317, 319 (5) (540 SE2d 191) (2001).

bility" forces a defendant "to rebut what is in the mind of the eyewitness." We disagree.

The complained-of question and answer are unrelated to "reliability"; they address "certainty." And as long as identification remains an issue at trial, as it was in this case, the certainty of an eyewitness' identification goes to such issue and may be explored on both direct and cross-examinations.[5] Accordingly, there was no error in permitting the complained-of question and answer.

On the other hand, whether or not an eyewitness' positive — even *absolutely* positive — identification of a defendant is, in fact, "reliable" is a different matter altogether and may be made a jury issue through skillful cross-examination regarding topics such as a witness' opportunity to view the accused at the time of the crime; a witness' degree of attention; the accuracy of the witness' prior description of the accused; a witness' level of certainty at the confrontation with the accused; and the length of time between the crime and the confrontation.[6] Indeed, under specific circumstances, a trial court may exercise discretion and permit expert testimony on the subject of the "reliability" of eyewitness identification:

> Where eyewitness identification of the defendant is a key element of the State's case and there is no substantial corroboration of that identification by other evidence, trial courts may not exclude expert testimony without carefully weighing whether the evidence would assist the jury in assessing the reliability of eyewitness testimony and whether expert eyewitness testimony is the only effective way to reveal any weakness in an eyewitness identification.[7]

Thus, rebutting "what is in the mind of the eyewitness" is useful whether or not the complained-of — and unrelated — question and answer concerning "certainty" are ever put before the jury.

3. Evans' challenge to the sufficiency of the evidence is premised upon his contention that the victims' identification of him as a perpetrator was tainted by an impermissibly suggestive photographic lineup, leaving only the uncorroborated testimony of an accomplice to support his conviction. However, we determined in Division 1, supra, that the photographic lineup procedure was not impermissibly sug-

---

[5] *Jones v. State*, 273 Ga. 213, 217 (3) (a) (539 SE2d 143) (2000).

[6] See *Semple v. State*, supra at 418 ("The ultimate question is, whether under the totality of the circumstances, the identification is reliable.").

[7] (Citation and footnote omitted.) *Johnson v. State*, 272 Ga. 254, 257 (1) (526 SE2d 549) (2000).

gestive. Accordingly, Evans' challenge to the sufficiency of the evidence is rendered meritless.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 17, 2003.

·John A. Lawson, for appellant.

Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney, for appellee.