### A11A0707. GREENWOOD v. THE STATE.
(714 SE2d 602)

MIKELL, Judge.

Following a jury trial, Michael P. Greenwood was found guilty of theft by taking a motor vehicle, theft by receiving stolen property, entering an automobile with intent to commit theft, and criminal damage to property in the second degree (Counts 1 through 4), all felonies. He was also found guilty of four misdemeanors: obstruction of an officer, reckless driving, improper lane change/failure to use turn signal, and fleeing or attempting to elude a police officer (Counts 5 through 8).[1] He was sentenced under OCGA § 17-10-7 (c), concerning repeat offenders, to ten years to serve on each of Counts 1 and 2, five years to serve on each of Counts 3 and 4, and twelve months to serve on each of the four misdemeanor counts, with each sentence to be served consecutively to the sentence on all preceding counts. Greenwood appeals from the denial of his amended motion for new trial, arguing that he received ineffective assistance of counsel, that the trial court erred in failing to declare a mistrial sua sponte, that the trial court erred in admitting testimony concerning

---

[1] The court entered a nolle prosequi order on Count 9 (failure to stop at scene of an accident) and Counts 10 and 11 (entering an automobile with intent to commit theft).

a special task force, and that an eyewitness was improperly allowed to bolster his own testimony. We discern no error. Accordingly, we affirm.

Viewing the evidence in the light most favorable to the jury's verdict,[2] the record reflects that at approximately 2:15 a.m. on November 6, 2005, residents of the Lea Glen neighborhood in Houston County called 911 after they observed Greenwood entering their car and then crossing their yard and driving slowly off in either a van or an SUV. In response to the 911 call, Deputy James Spivey of the Houston County Sheriff's Office drove to the neighborhood and parked. He saw a gray Yukon slowly heading toward his vehicle, and he made eye contact with the driver, whom he later identified as Greenwood. Spivey activated his blue lights and attempted to stop Greenwood's vehicle, but Greenwood "floored it" and passed another vehicle at high speed while driving in a reckless manner. With Spivey in pursuit, Greenwood then crossed two lanes, drove through a ditch, and crashed into a fence in Jason Little's yard. The fence collapsed onto the Yukon, which belonged to Wendy De Mers and had been stolen from her driveway earlier that night. Greenwood then abandoned the Yukon and fled on foot, managing to avoid immediate capture. That same night, in the Lea Glen neighborhood, police found an abandoned vehicle, also a Yukon, which had earlier been reported stolen from Butts County. Spivey identified Greenwood from a photographic lineup the next day, and Greenwood was later arrested at the home of his girlfriend, Dell McKellar. Upon a search of McKellar's residence and Greenwood's vehicle, police found several stolen items.

1. Greenwood contends in his first enumeration of error that he received ineffective assistance of counsel. In evaluating a claim of ineffective assistance of counsel, we apply the two-prong test set forth in *Strickland v. Washington*.[3] Greenwood "must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different."[4] In evaluating the first prong of this test, "[a] strong presumption exists that counsel's conduct falls within the broad range of professional conduct."[5] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[6]

[2] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[3] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] (Footnote omitted.) *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

[5] (Citation omitted.) *Browning v. State*, 283 Ga. 528, 529 (2) (661 SE2d 552) (2008).

[6] (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313)

(a) Greenwood contends that his trial counsel rendered ineffective assistance in failing to object and move for a mistrial upon the state's elicitation of testimony which allegedly brought his character into issue. On the state's direct examination of McKellar, the prosecuting attorney asked the witness if she had visited Greenwood in jail, and later asked if she had visited him ten times. To both questions, the witness answered in the affirmative. At a side bar, the trial court admonished the prosecuting attorney, and Greenwood's counsel stated that she had not objected because she did not want to draw attention to the testimony. "A decision on whether to object when a defendant's character is placed in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel."[7] Further, "[w]hen considering defense counsel's performance, there is a critical distinction between inadequate preparation and unwise tactical and strategic decisions."[8] The record in this case shows that trial counsel was thoroughly prepared. She presented a number of pre-trial motions; she was able to have three of the original eleven counts of the indictment severed; and she made appropriate objections during the course of the trial. In matters of trial strategy and tactics, "effectiveness is not judged by hindsight or result."[9] Thus, Greenwood has failed to rebut the presumption that counsel's conduct was within the broad range of professional conduct.

(b) Greenwood contends that counsel failed to object to testimony regarding the establishment of a police task force to address a rash of car break-ins and thefts in the area. This contention fails. The record shows that counsel did object to this testimony by the investigating officer, and that the objection was sustained. Counsel did not request a curative instruction or move for a mistrial at that time, nor did counsel object to later testimony which explained the series of car thefts leading to the theft at issue here. Although at the hearing on the motion for new trial, Greenwood's counsel could not recall her specific reasons for not making further objections, Greenwood has nonetheless failed to show that counsel's decision was not a reasonable trial strategy or that there is a reasonable probability that such a request would have affected the outcome of the trial.[10]

(c) Greenwood contends that trial counsel was ineffective in

---

(2003).

[7] (Citation omitted.) *Beattie v. State*, 240 Ga. App. 327, 329 (2) (c) (523 SE2d 389) (1999). Accord *McKenzie v. State*, 284 Ga. 342, 346-347 (4) (a) (667 SE2d 43) (2008) (assistance not ineffective where trial counsel did not object to testimony in order to avoid bringing more attention to it).

[8] (Citation omitted.) *Roebuck v. State*, 277 Ga. 200, 207 (10) (586 SE2d 651) (2003).

[9] (Citation and punctuation omitted.) Id.

[10] See *White v. State*, 308 Ga. App. 38, 44 (4) (706 SE2d 570) (2011). See also *Martin v. State*, 300 Ga. App. 419, 420 (2) (685 SE2d 399) (2009).

failing to request a limiting instruction after each similar transaction witness testified. This contention is without merit. The record shows that the trial court gave such a limiting instruction not only before the first similar transaction witness took the stand, but also during the final charge to the jury. Thus, trial counsel was not ineffective in this regard.[11]

2. Greenwood argues that the trial court should have declared a mistrial sua sponte when the state questioned McKellar as to whether she had visited Greenwood while he was in jail. Contrary to Greenwood's contention on appeal, his trial counsel moved for a mistrial on this ground during the trial and later renewed the motion at the close of the state's evidence. The court considered the motion and denied it, based on the fact that evidence of several similar transactions was presented to the jury, and that for that reason the jury was aware that Greenwood had been in jail at some time in the past. "A motion for mistrial is within the discretion of the trial court. This [C]ourt will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial is essential to the preservation of the right to a fair trial."[12] We find no abuse of discretion here. Further, given the overwhelming nature of the evidence against Greenwood, it is highly probable that the error did not contribute to the verdict.[13] The error, if any, was therefore harmless.

3. Greenwood contends that the trial court erred in admitting evidence of the special task force formed by the police to address the many car break-ins which had occurred in the area. This enumeration is without merit. The record shows that when the police investigator began to give a narrative explanation of the task force, Greenwood's counsel objected on grounds of relevancy, and the objection was sustained. The prosecutor then elicited testimony concerning a series of three car thefts, each theft followed by abandonment of the stolen vehicle in another neighborhood and a theft of another vehicle nearby, eventually leading to the abandoned Yukon found in the Lea Glen neighborhood and the stolen Yukon which Greenwood crashed into a fence. "One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly inde-

---

[11] See *Smith v. State*, 270 Ga. 68, 70 (3) (508 SE2d 145) (1998) (counsel requested limiting instruction as to similar transaction testimony as part of general charge to jury; not ineffective assistance in failing to request such a charge contemporaneously with testimony); *Copeland v. State*, 276 Ga. App. 834, 838 (2) (b) (625 SE2d 100) (2005) (no prejudice shown where counsel failed to request contemporaneous limiting instruction).

[12] (Citation and punctuation omitted.) *Bradford v. State*, 221 Ga. App. 232, 236 (4) (471 SE2d 248) (1996).

[13] See *Dowdy v. State*, 209 Ga. App. 95, 96 (1) (432 SE2d 827) (1993).

pendent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae."[14] In reviewing a trial court's ruling on the admissibility of evidence, "a trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous."[15] In the case at bar, the trial court did not err in admitting evidence concerning crimes preceding and connected to those of which Greenwood stands convicted.[16]

4. Greenwood contends that the trial court erred in allowing Spivey, the eyewitness, to testify that he was "certain . . . without a doubt" that the person he saw driving the stolen Yukon was Greenwood. This contention is without merit. "Georgia law does not prohibit an identification witness from testifying about his or her level of certainty or restrict the state from inquiring about the same."[17] Identification was an issue in this case, and "as long as identification remains an issue at trial, . . . the certainty of an eyewitness' identification goes to such issue and may be explored on both direct and cross-examinations."[18]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JUNE 14, 2011.

*William M. Peterson*, for appellant.
*T. Rabb Wilkerson III, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

[14] (Citations and punctuation omitted.) *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985).

[15] (Citation and punctuation omitted.) Id. Accord *Toney v. State*, 304 Ga. App. 25, 27 (1) (695 SE2d 355) (2010).

[16] Id. Accord *Cantrell v. State*, 230 Ga. App. 693, 696 (2) (b) (498 SE2d 90) (1998).

[17] (Footnote omitted.) *Allen v. State*, 298 Ga. App. 807, 809 (2) (681 SE2d 243) (2009). Accord *Evans v. State*, 261 Ga. App. 22, 23-24 (2) (581 SE2d 676) (2003).

[18] (Footnote omitted.) *Evans*, supra at 24 (2).