## A11A1406. FIELDS v. THE STATE.
### (716 SE2d 587)

MIKELL, Judge.

Following a jury trial, Martin Warrick Fields was found guilty of aggravated assault, false imprisonment, robbery and kidnapping. The trial court merged the count of false imprisonment into the

---

kidnapping count. Fields was sentenced on the kidnapping count to a life term, with the first 25 years to be served in custody. On the aggravated assault and robbery counts, Fields was sentenced to a term of 20 years, to run concurrent with the kidnapping sentence. Fields appeals from the denial of his motion for new trial, arguing that he received ineffective assistance of counsel and that the trial court erred in allowing a photo of the crime scene into evidence. We discern no error and affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record reflects that on March 4, 2008, while Fields and his roommate Michael Egarton were visiting Craig Rogers at his apartment, Rogers saw Fields come out of the bedroom, carrying a metal baseball bat and wearing blue latex gloves. Fields then approached Egarton and "whacked [him] across the head with a bat." Egarton believed that Fields was "fixing to try to finish me off." The bat cut the back of Egarton's head, and he bled profusely. Egarton managed to escape his attacker, and was able to call the police from a gas station about a quarter of a mile away.

After Egarton's escape, Rogers witnessed Fields leave the apartment holding the bat and wearing the blue latex gloves and an army fatigue jacket. A short time later, Elisabeth Avilma was unloading her car with her newborn baby and four-year-old daughter nearby when she noticed Fields, whom she recognized. Fields grabbed Avilma's four-year-old and ran, holding her like a football. Avilma gave chase, but then lost sight of Fields and her daughter. A few minutes later, a neighbor returned the child to her mother. Upon returning to her car, Avilma saw a metal bat in the back seat of her car.

Fields next encountered 14-year-old Snyder Moise leaving another building in the apartment complex. Fields grabbed the boy, and took Moise's jacket and ran upstairs.

A law enforcement officer arrived at the scene in response to Egarton's phone call and found Fields in an apartment, holding the stolen jacket. There were blue latex gloves crumpled on the floor outside the apartment. The officer then went to Rogers's apartment, where the assault had occurred. Although Rogers had already begun to clean the apartment, blood was still visible on the carpet, walls, blinds, door, and balcony.

1. Fields argues that his trial counsel provided ineffective assistance because he elicited testimony concerning Fields's prior arrest for armed robbery. We find no reversible error.

In evaluating a claim of ineffective assistance of counsel, we

---

[1] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

apply the two-prong test set forth in *Strickland v. Washington*.[2] To prevail on a claim of ineffective assistance, Fields "must show that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different."[3] In evaluating the first prong of this test, "[a] strong presumption exists that counsel's conduct falls within the broad range of professional conduct."[4] In examining a claim of ineffective assistance, this Court "need not address both components of the inquiry if the defendant makes an insufficient showing on one."[5] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[6]

Fields argues that his trial counsel's cross-examination of Egarton concerning his and Fields's earlier arrest for armed robbery constituted ineffective assistance of counsel. Egarton testified during direct examination that he and Fields had lived together for only a few weeks prior to the incident. On cross-examination, Fields's trial counsel elicited testimony from Egarton that he had previously lived with Fields after both of them had been arrested for an armed robbery that was never prosecuted. Immediately prior to trial, the trial judge ruled that the state could not introduce this evidence and defense counsel remarked that he had not yet decided whether or not to introduce it during trial.

At the new trial hearing, Fields did not call his trial counsel to testify. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for a new trial hearing, it is extremely difficult to overcome this presumption."[7] Further, "a decision on whether or not to place a defendant's character in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel."[8]

---

[2] 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[3] (Footnote omitted.) *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007).

[4] (Citation omitted.) *Browning v. State*, 283 Ga. 528, 529 (2) (661 SE2d 552) (2008). Accord *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[5] (Citation and punctuation omitted.) *Watkins v. State*, 289 Ga. 359, 362 (3) (711 SE2d 655) (2011).

[6] (Citation and punctuation omitted.) *Robinson*, supra.

[7] (Punctuation and footnote omitted.) *Davis v. State*, 280 Ga. 442, 443 (2) (629 SE2d 238) (2006). Accord *Dyer v. State*, 278 Ga. 656, 660 (7) (604 SE2d 756) (2004) (by failing to ask his attorney to explain his failure to object to state witnesses's testimony, defendant failed to demonstrate deficient performance).

[8] (Citation and punctuation omitted.) *Polk v. State*, 225 Ga. App. 257, 257-258 (1) (a) (483 SE2d 687) (1997).

Because counsel did not testify at the new trial hearing, "[w]e have no insight . . . into counsel's decision-making on this matter, and [Fields] has not overcome the presumption that counsel's decision fell within a wide range of reasonable, professional conduct."[9] Under these circumstances, we decline to find that trial counsel's introduction of Fields's prior arrest constituted ineffective assistance of counsel.[10]

2. Fields contends that the trial court erred in allowing into evidence photographs of the scene of the aggravated assault because the officer testified that the scene had been altered before it was photographed. We disagree.

Here, the evidence shows that the officer took the photographs of the crime scene within an hour and a half after Fields struck Egarton with a bat. When the officer arrived at Rogers's apartment, Rogers and another person were in the process of cleaning up the bloodstains created by the incident. The officers stopped the men from cleaning and questioned them about which areas had already been cleaned. The officers then photographed the crime scene. The officers' testimony introduced at trial and the photographs showed both where Egarton bled on the surfaces of the apartment and the areas which Rogers was still in the process of cleaning.

The admission or exclusion of photographs "is a matter within the sound discretion of the trial court and will not be controlled unless manifestly abused."[11] Georgia has adopted "a liberal policy in the admission of photographic evidence."[12] A photograph offered to show a crime scene as it existed when police officers arrived is generally admissible.[13] When, as in the case at bar, any variations between the scene of the crime and the scene as later photographed are immaterial, and witnesses have testified about any changes that occurred, "we will not ordinarily reverse a trial judge's decision to admit the photograph."[14]

In this case, the size and exact location of the bloodstains were not a material issue, and thus we find that the trial court did not abuse its discretion in allowing these photographs to be admitted into evidence.[15]

---

[9] (Citation and punctuation omitted.) *Arellano v. State*, 289 Ga. App. 148, 153 (5) (656 SE2d 264) (2008).

[10] See *Greenwood v. State*, 309 Ga. App. 893, 895 (1) (a) (714 SE2d 602) (2011).

[11] (Citation omitted.) *Robinson v. State*, 168 Ga. App. 569, 572 (3) (309 SE2d 845) (1983). Accord *Chaney v. State*, 258 Ga. App. 551, 553 (5) (a) (574 SE2d 634) (2002) (crime scene photographs).

[12] (Citation omitted.) *Cheeks v. State*, 203 Ga. App. 47, 50 (6) (416 SE2d 336) (1992).

[13] *Banta v. State*, 282 Ga. 392, 396 (3) (651 SE2d 21) (2007).

[14] (Citation omitted.) *Chaney*, supra.

[15] See id.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 26, 2011.

*Michael J. Ivan*, for appellant.
*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Amelia G. Pray, Assistant District Attorneys*, for appellee.